Terrence Joseph BLANFORD,
Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 2–69309.

Court of Appeals of Iowa.

Sept. 27, 1983.

Stephen J. Rapp of Rapp & Gilliam, P.C., Waterloo, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Sherrie Barnett, Asst. Atty. Gen., for respondent-appellee.

Heard by OXBERGER, C.J., and DON-IELSON, SNELL, SCHLEGEL, HAYDEN, and SACKETT, JJ.

DONIELSON, Judge.

Petitioner appeals from the trial court's order denying his application for postconviction relief under Iowa Code ch. 663A. He claims that: 1) the court erred in concluding that assault with intent to inflict serious injury is a lesser-included offense of attempt to commit murder; 2) he received ineffective assistance of counsel in his criminal trial and subsequent direct appeal; and 3) he should receive credit against his sentence for time spent on appeal bond. We affirm.

In October of 1978, Terry Blanford was charged with two counts of attempt to com-

mit murder and one count of burglary in the first degree. All charges arose from the same incident in which Blanford allegedly broke into the home of his wife's parents and attacked them. Blanford was tried without a jury in 1979. The trial court found Blanford innocent of both counts of attempted murder; however, the court concluded that assault with intent to commit serious injury is a lesser-included offense and found Blanford guilty of two counts of this lesser offense. In addition,. the court found Blanford guilty of burglary in the first degree. The Iowa Supreme Court affirmed the convictions. *State v. Blanford,* 306 N.W.2d 93 (Iowa 1981). In 1982, Blanford applied for postconviction relief, raising the issues outlined above. The trial court denied this application, and Blanford has appealed.

## I.

■ Blanford first argues that the postconviction court erred by concluding that the crime of assault with intent to commit serious injury (Iowa Code §§ 708.1, 708.-2(1)) is a lesser-included offense of the crime of attempt to commit murder (Iowa Code § 707.11). In determining whether one crime is a lesser-included offense of another, we must apply two tests:

The first is the legal or element test. The lesser offense must be composed *solely* of some but not all elements of the greater crime. The second, "factual" test is an ad hoc determination whether there is a factual basis in the record for submitting the included offense to the jury (emphasis in original).

*State v. Wales,* 325 N.W.2d 87, 88 (Iowa 1982) (citations omitted). "The lesser offense is necessarily included in the greater offense if it is impossible to commit the greater without also committing the lesser." *Id.*

■ Blanford concedes, as he must, that simple assault is a lesser-included offense of attempt to commit murder. *State v. Powers,* 278 N.W.2d 26, 28 (Iowa 1979). Regarding assault with intent to inflict serious injury, he also appears to concede that

it passes the factual test for determining whether it is a lesser-included offense of attempted murder since he makes no argument to the contrary. He argues, however, that the legal test is not satisfied. We disagree. First, we can discern no meaningful difference between simple assault (which is a lesser offense of attempted murder) and assault with intent. The latter offense requires an "intent to inflict a serious injury upon another." Iowa Code § 708.2(1). If one intends to cause the death of someone (an element of attempted murder under § 707.11), one could not help but intend to inflict a serious injury upon that person.

We are also unpersuaded by Blanford's hypothetical purporting to show that attempted murder could be committed without committing assault with intent. He focuses on the statutory language "with the apparent ability to execute the act" as critical in determining that assault with intent is not an included offense. § 708.1(1). The "apparent ability" language is found in § 708.1 which contains the general definition of assault, and not in § 708.2(1), the specific provision for assault with intent. If Blanford is correct in construing the "apparent ability" language, then simple assault would not be an included offense of attempted murder. As indicated above, however, the supreme court in *Powers* has already held to the contrary. In any event, we agree with the trial court that assault with intent to inflict serious injury is a lesser-included offense of attempt to commit murder.

## II.

■ Blanford next contends that he was given ineffective assistance of counsel at his trial and during his direct appeal. "The test is whether under all the circumstances counsel's performance was within the range of normal competency." *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980).

■ We do not believe Blanford has sustained his burden of proving ineffective assistance of counsel. As we have determined above in division I that assault with intent

is an included offense of attempted murder, Blanford's trial counsel cannot be faulted for not arguing to the contrary. *Regarding* the allegation that counsel should have filed a motion for a bill of particulars, he testified at the postconviction hearing as to his belief that such a motion was unnecessary since he had complete access to the county attorney's file and therefore knew how the State would prosecute the first-degree burglary charge. This issue presents no grounds for relief.

### III.

■ Finally, Blanford contends the postconviction court erred by ruling that he could not receive credit against his sentence for time spent on appeal bond. We disagree. This claim is similar to those rejected by the supreme court in *Trecker v. State,* 320 N.W.2d 594 (Iowa 1982) and *Mills v. State,* 308 N.W.2d 65 (Iowa 1981), where it was held that credit is not allowed for time spent on probation prior to revocation. "Denial of credit is appropriate where the restrictions imposed cannot be equated with incarceration." *Trecker,* 320 N.W.2d at 595. Here, the only condition placed on Blanford's release upon appeal bond was that he stay away from the victims. Upon his release on pre-trial bail bond, he was required to report to pre-trial services and to not leave Black Hawk County without receiving permission to travel. It cannot be said that these minor restrictions amount to incarceration. We also note that there is no specific statutory authority for granting credit for time spent on either pre-trial bail bond or appeal bond. *See Trecker,* 320 N.W.2d at 595.

The trial court did not err in denying Blanford's application for postconviction relief. Its order is affirmed.

**AFFIRMED.**