STATE of Iowa, Appellee,

v.

Jose CANAS, Appellant.

No. 96–1526

Supreme Court of Iowa.

Nov. 26, 1997.

Ryan B. Moorman, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Richard R. Phillips, County Attorney, and Kerrie Snyder, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

In this case we review the statutory provisions allowing credit for days served on a sentence and the allowance of good conduct time in reduction of the sentence. Upon defendant's motion for correction of his sentence, the court granted some but not all credit requested by the defendant. On appeal, we affirm in part, reverse in part, and remand with directions.

I. *Background Facts and Proceedings.*

Jose Edward Canas was charged with possession of cocaine with intent to deliver, a class "C" felony, in violation of Iowa Code

section 204.401(1)(a) (1989).[1] The charge stemmed from an incident in April 1989. Canas was tried and found guilty of the charge. On January 19, 1990, a judgment of conviction was entered and he was committed to the custody of the director of the Iowa department of corrections for a term not to exceed ten years with credit on the sentence for time he spent in the county jail in connection with the charge.

While serving the 1990 sentence he was charged with delivery of cocaine, a class "C" felony, in violation of Iowa Code section 204.401(1)(a). This charge arose from an incident in October 1989. Canas was tried and found guilty of the charge. On July 18, 1991, a judgment of conviction was entered by the district court and Canas was committed to the custody of the director of the Iowa department of corrections for a term not to exceed ten years to run concurrently with the 1990 conviction and sentence. The court gave Canas no credit for time served prior to the July 18 sentencing.

Canas filed a motion for reconsideration of the 1991 sentence asking a less-severe sentence be substituted. *See* Iowa Code § 902.4. The State made no objection to the motion. The court set the motion for hearing and ordered a report from the correctional institution on Canas' behavior and progress at the institution. After receiving the report from the institution stating Canas had no major disciplinary infractions and had completed all recommended treatment programs, the district court reconsidered the 1991 sentence. On November 18, 1991, the court ordered the 1991 sentence be suspended, Canas be placed on probation for two years, and that the sentence run concurrently with any other sentences imposed.

On January 27, 1992, Canas was granted parole on the 1990 sentence. He completed serving the sentence on January 5, 1995 and was discharged from parole. While on parole, Canas was also on probation for the 1991 conviction. He made application for a two-year extension of his probation that was to expire on November 18, 1993. The court approved and ordered the extension.

In August 1995, the court found Canas had violated the terms of his probation and he was ordered to participate in and successfully complete a drug treatment program. On October 19 his probation was revoked for failure to comply with the court's order and he was returned to the correctional facility to serve the sentence imposed in July 1991. He was given no credit for time served.

On July 2, 1996, Canas filed a motion for correction of his 1991 sentence. He urged the district court lacked authority to reconsider the 1991 conviction and sentence, that the sentence imposed by the court on November 18, 1991 was illegal, that the court had no authority to extend his probation, and that he was entitled to credit on his sentence for time served and to credit for good conduct time while on parole.

Judge Darbyshire found Canas had not been prejudiced by the reconsideration of his sentence and that he was entitled to credit for 191 days (July 18, 1991–January 25, 1992) upon the 1991 sentence. The court did not allow credit for days served prior to the sentencing or while Canas was accruing credit and good conduct time while on parole. Canas appealed the court's ruling.

■ Whether Canas is entitled to credit is a matter of statutory construction and application. Statutory construction involves questions of the law that we review without deference to the trial court. *See State v. Bond,* 493 N.W.2d 826, 828 (Iowa 1992).

Before addressing the credit issue, we will consider the preliminary challenge that the court lacked authority to grant or extend probation after initially imposing an indeterminate ten-year sentence.

■ Generally, the court is allowed, for a period of ninety days from the date of conviction of a felony, to review its previous action and reaffirm or substitute for it any sentence permitted by law. Iowa Code § 902.4. Under section 902.4, a judge is "permit[ted] ... to replace a sentence of incarceration in the custody of the director of corrections (subject to the powers of the board of parole) with a sentence of probation

---

1. This offense is now found in Iowa Code section 204.401(1)(c).

subject to conditions imposed by the sentencing judge." *Coleman v. Iowa Dist. Ct.,* 446 N.W.2d 806, 807 (Iowa 1989). However, the court is not allowed to reconsider a felony conviction for which a minimum sentence of confinement is imposed. Iowa Code § 902.4. A person sentenced pursuant to section 204.401(1)(a) or (b) is not eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence. *Id.* § 204.413. Canas was sentenced pursuant to section 204.401(1)(a). We agree he was not eligible for reconsideration of his 1991 conviction and sentence.

■ However, Canas petitioned for reconsideration of his 1991 sentence. As a result of the court's reconsideration of his sentence, Canas became eligible for parole on his 1990 sentence in January 1992 rather than March 1993.

■ Having requested reconsideration of his 1991 sentence, Canas cannot now claim it was reversible error for the court to grant his request. An inmate cannot object to the action taken by the court where the court granted the relief requested by the inmate. *See Jasper v. State,* 477 N.W.2d 852, 856 (Iowa 1991). A defect in the court's authority to grant a suspended sentence can be avoided by consent, waiver, or estoppel. *See State v. Mandicino,* 509 N.W.2d 481, 482–83 (Iowa 1993). Canas waived his objection to reconsideration of his 1991 sentence by requesting this relief.

■ Likewise, the court has authority to fix the length of probation. Iowa Code § 907.7. If the offense is a felony, the length of probation is not less than two years and not more than five years. *Id.* Although the court placed Canas on probation for two years, by requesting a two-year extension Canas waived his objection to the extension. *Mandicino,* 509 N.W.2d at 482–83.

II. *Credit for Time Served and for Good Conduct Time.*

A. Statutory Provisions.

Preconviction credit for days served is allowed by Iowa Code section 903A.5, which provides in part:

An inmate shall not be discharged from the custody of the director of the Iowa department of corrections until the inmate has served the full term for which the inmate was sentenced, less good conduct time earned and not forfeited, unless the inmate is pardoned or otherwise legally released.... An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution. However, if an inmate was confined to a county jail or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a non-bailable offense, the inmate shall be given credit for the days already served upon the term of the sentence. The clerk of the district court of the county from which the inmate was sentenced, shall certify to the warden the number of days so served.

Credit for good conduct time is provided by Iowa Code section 903A.2, which provides in part:

Each inmate of an institution under the Iowa department of corrections, is eligible for a reduction of sentence of one day for each day of good conduct of the inmate while committed to one of the department's institutions.... Computation of good conduct time is subject to the following conditions:

1. Time served in jail or other facility, credited by the clerk of court prior to actual placement in a correctional institution, shall accrue for purposes of reduction of sentence under this section.

B. Concurrent or Consecutive Sentences.

■ If the court imposes consecutive sentences, the second or further sentence begins at the expiration of the first or succeeding sentence. *See* Iowa Code § 901.8. Consecutive sentences are construed as one continuous sentence in granting or forfeiting of good conduct time. *Id.* § 903A.7.

■ If the court imposes concurrent sentences, the sentences must be served si-

multaneously in whole or in part. *Walton v. State*, 407 N.W.2d 588, 590 (Iowa 1987). "To be entitled to sentence credit for presentence time served, the defendant must have been detained for the offense of which he ultimately is convicted." *Id.* at 591. A defendant is not entitled to presentence time served while incarcerated on an unrelated conviction. *State v. Orte*, 540 N.W.2d 435, 438 (Iowa 1995).

### C. Accrual of Credit.

■ Here, both the State and Canas agree the allowance of no credit for time served on the 1991 conviction was incorrect. The court in its ruling on the motion for correction of sentence concluded Canas should receive credit from the day he was sentenced on the 1991 conviction until he was released by the Iowa department of corrections and placed on parole on January 27, 1992. On appeal, the State concedes Canas is also entitled to credit from the date of his arrest.

In our review of the record, it appears Canas was arraigned on the 1991 criminal charge on April 23, 1991. At that time he appeared and entered a not guilty plea, his bond was set by the court, and a trial date was set. There is no record that he furnished bail at that time. His incarceration in the correctional facility continued until he was paroled on the 1990 conviction. Although he was present for arraignment, discovery, trial, and sentencing on the 1991 offense, the department of corrections or the sheriff maintained legal custody of him from the arraignment until his release on January 27, 1992.

In *State v. Harrison*, we stated:

General rules govern concurrent sentences. Such sentences operate at the same time. Each day the defendant serves a day of each sentence. The defendant is entitled to discharge on completion of the term served under the longest sentence. However, the defendant must serve until all the concurrent sentences have ended.

When sentences are imposed at different times or for different periods of time and are ordered to run concurrently, the sen-

tences run together during the time they overlap. The new or longer term does not necessarily end at the same time as the earlier or shorter term.

In addition, the defendant receives no credit on the latter sentence for the time served before it began. This is because the underlying assumption of all sentencing provisions is that a charge precedes a sentence. Until that charge is brought, a defendant cannot be incarcerated for it.

. . . .

When concurrent sentences are involved, section 903A.5 is consistent with the general rule that an incarcerated defendant receives no credit on the latter sentence for the time served before it began. In these circumstances, the defendant is already in the institution when the second sentence is imposed. The second sentence begins to run from the time of its imposition. The statute, of course, expressly allows the defendant to receive credit for any presentence confinement relating to the second conviction. The critical question boils down to this: When does the presentence confinement begin?

*State v. Harrison*, 468 N.W.2d 215, 217 (Iowa 1991). In *Harrison*, we held presentence confinement for the second conviction began the day the defendant received a copy of the arrest warrant on the second charge. *Id.* Here, Canas was arraigned on the second offense before receiving a copy of the arrest warrant. Confinement began when he was arraigned and not released from custody on the second charge. It did not begin at the time the trial information was filed as urged by Canas.

During the three-year period that Canas was on parole, he was also on probation for the 1991 conviction. He remained on probation after he was discharged from parole in January 1995. The discharge from parole terminated his 1990 sentence. *See* Iowa Code § 906.15.

■ The time a prisoner is on parole is credited to the sentence of the parolee. *Id.* § 906.16. In contrast, the time a probationer serves on probation is not credited as time served on the sentence of the probation-

er. *See Mills v. State*, 308 N.W.2d 65, 66 (Iowa 1981). Granting credit to a person on parole, but denying credit to a person on probation, does not violate the constitutional guarantee of equal protection. *Id.* at 67. "The general rule is that, absent a specific provision allowing for it, a court does not err by denying credit for time served on probation." *Trecker v. State*, 320 N.W.2d 594, 595 (Iowa 1982).

■ Canas argues he should receive credit for time served and good conduct time on the 1991 sentence while he was on parole for the 1990 sentence because the court had ordered the sentences to run concurrently. There is no Iowa statutory provision for credit for "street time" while on probation. The failure of the legislature to require that the court give credit for time served while on probation indicates the legislature did not intend to grant such credit. We conclude, absent a specific provision in our statutes, Canas is not entitled to credit on his sentence for time he served while on probation. Nor is he entitled to credit on his 1991 sentence for that time he was on parole for his 1990 sentence.

We remand to the district court so that the court can determine the exact credit to which Canas is entitled. Upon the court's determination of the time served by Canas, the department of corrections can give him appropriate credit for good conduct time as provided by Iowa Code section 903A.3.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**