STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR
WARREN COUNTY,
Defendant.

No. 00–0523.

Supreme Court of Iowa.

Oct. 10, 2001.

Thomas J. Miller, Attorney General, Kristin Mueller, Assistant Attorney General, Kevin Parker, County Attorney, and Ryan Ellis, Assistant County Attorney, for plaintiff.

Kenneth J. Weiland, Jr. of Weiland Law Firm, Des Moines, for defendant.

CARTER, Justice.

The State challenges by means of an original certiorari action the authority of the district court to reconsider a criminal sentence imposed on Scott Avon who pled guilty to the offense of manufacturing methamphetamine in violation of Iowa Code section 124.401(1)(c)(6) (1999). Avon was originally sentenced to an indeterminate term not to exceed ten years and was ordered to serve a mandatory one-third minimum sentence as provided in Iowa Code section 124.413. Avon requested reconsideration of this sentence pursuant to Iowa Code section 902.4. The district court granted the motion. The court vacated the original sentence and placed Avon on probation. In its order reconsidering the sentence, the court stated that it was waiving the mandatory minimum sentence imposed by section 124.413.

The State asserts that section 902.4 permits reconsideration of a felony sentence other than "a felony for which a minimum sentence of confinement is imposed." Because Avon's original sentence required him to serve one-third of the time imposed, the State urges that he was not eligible for a reconsideration of sentence. The court of appeals rejected that contention and upheld the authority of the district court to reconsider Avon's sentence.

With respect to the purported waiver of the mandatory minimum sentence, the court of appeals concluded that it was not clear what the district court intended in that regard. It held that, if defendant's probation is revoked and his original sentence reinstated, the sentence continues to be subject to the mandatory minimum im-

posed by section 124.413. It qualified that conclusion by declaring that, if, in reimposing the sentence, the district court makes a finding of mitigating circumstances on the record, this could justify a waiver of the mandatory minimum sentence pursuant to section 901.10. We granted further review of the court of appeals decision. After reviewing the record and considering the arguments presented, we affirm the decision of that court, sustaining the writ in part and annulling it in part.

The court of appeals concluded that the words "a felony for which a minimum sentence of confinement," as used in section 902.4, were intended to embrace convictions for which no other legal sentence was available. In its argument on further review, the State maintains that the court of appeals' interpretation of section 902.4 is directly contrary to the interpretation given that statute by this court in *State v. Canas*, 571 N.W.2d 20, 23 (Iowa 1997).

◼ Iowa Code section 902.4 provides:

For a period of ninety days from the date when a person convicted of a felony, *other than a class "A" felony or a felony for which a minimum sentence of confinement is imposed*, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time *the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law.*

(Emphasis added.)

In *Canas* a sentence of confinement imposed on the defendant for delivery of cocaine was reconsidered under section 902.4 while defendant was simultaneously serving a sentence on an unrelated conviction for possession of cocaine with intent to deliver. The reconsideration resulted in vacation of the sentence of imprisonment on the delivery charge and the placing of defendant on probation with respect to that charge. Defendant continued to be imprisoned on the possession-with-intent-to-deliver charge. He was ultimately paroled on that charge and later discharged from parole. His probation on the delivery charge continued and was subsequently revoked.

In a dispute that resulted over the credit that Canas should receive for time served after he was returned to prison on the probation revocation, he argued that the reconsideration of his sentence was unlawful because his sentence was subject to a minimum sentence of confinement. Based on that premise, he urged that he should have been receiving credit against his sentence during the time that he was out of prison on probation. We rejected *Canas's* contention by concluding that, "[h]aving requested reconsideration of his [delivery] sentence, Canas cannot now claim it was reversible error for the court to grant his request." *Canas*, 571 N.W.2d at 23.

In considering Canas's argument concerning why the court did not have authority to reconsider his sentence, we stated that "[a] court is not allowed to reconsider a felony conviction for which a minimum sentence of confinement is imposed. Iowa Code § 902.4." We agree with the court of appeals that with respect to the issue now before us that statement was not a binding interpretation of the meaning of section 902.4.

◼ The court of appeals attempted to buttress its holding that Avon's conviction did not involve a felony for which a minimum sentence of confinement is imposed by concluding that section 124.413 does not impose a sentence but rather imposes a limitation on the opportunity for parole. We do not find that distinction to be helpful in deciding what the legislature intended in enacting section 902.4. We have characterized section 124.413 as a sentenc-

ing statute. *See State v. Iowa Dist. Ct.,* 630 N.W.2d 778, 780 (Iowa 2001) ("Defendant's *sentence* is ... subject to section 124.413."). That is consistent with our conclusion that, although statutes requiring a minimum period of confinement affect the power of the board of parole, it is the province of the court to decide the applicability of those statutes as part of the sentencing process. *State v. Iowa Dist. Ct.,* 616 N.W.2d 575, 578 (Iowa 2000); *State v. Wilson,* 314 N.W.2d 408, 409 (Iowa 1982).

The issue in the present case is not whether Avon's sentence included a minimum sentence of confinement in the generally accepted sense. We are instead required to determine what felony sentences the legislature intended to exclude from reconsideration under section 902.4 by using the language "other than ... a felony for which a minimum sentence of confinement is imposed." In determining the meaning of those words, some aid is found in the language of the statute which recognizes that a revised sentence following reconsideration may be "any sentence permitted by law." This language appears to provide the measure of the court's sentencing authority on reconsideration. Hence, it is reasonable to view the language at issue here as referring in a general way to those felonies for which no other legal sentence is available. No reason has been made to appear why, if a court has authority to grant probation in the first instance, it should not have the same authority under the shock-probation concept embraced in section 902.4. A specific identification of a felony for which no other legal sentence is available is contained in the reference to "a class 'A' felony" that immediately precedes the language that we are interpreting. We are convinced that the language that follows is intended as a general reference to all other felonies for which no other legal sentence is available.

Support for our conclusion is gained from the application of two settled rules of statutory interpretation. These are the rule of *noscitur a sociis,* which provides that the meaning of words in a statute are to be ascertained in light of the meaning of the words with which they are associated, *Wright v. State Bd. of Eng'g Exam'rs,* 250 N.W.2d 412, 413 (Iowa 1977), and the rule of *ejusdem generis,* which states that general words that follow specific words are tied to the meaning and purpose of the specific word. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.,* 606 N.W.2d 376, 380 (Iowa 2000).

For the reasons stated, we conclude that the court of appeals was correct in upholding the authority of the district court to reconsider Avon's sentence. We also conclude that the court of appeals was correct in declaring that, if Avon's probation is revoked and a new sentence of confinement is imposed, that sentence will be subject to the one-third minimum sentence provided in section 124.413, unless the court makes a finding of mitigating circumstances on the record so as to justify waiver of the mandatory minimum sentence as provided in section 901.10.

We have considered all issues presented and conclude that the decision of the court of appeals should be affirmed. The writ of certiorari is sustained in part and annulled in part.

**DECISION OF COURT OF APPEALS AFFIRMED; WRIT SUSTAINED IN PART AND ANNULLED IN PART.**

All justices concur except STREIT, J., who takes no part.