# IN THE SUPREME COURT OF IOWA

No. 08–0532

Filed June 25, 2010

**STATE OF IOWA,**

    Appellee,

vs.

**JAMES ALEXANDER EVANS,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Defendant claims trial counsel was ineffective for failing to challenge submission of a jury instruction that included assault as defined under Iowa Code section 708.1(1) (2005) as a lesser-included offense to the crime of attempt to commit murder. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, John Sarcone, County Attorney, and Frank Severino, Assistant County Attorney, for appellee.

**PER CURIAM.**

The defendant, James Evans, appeals from his conviction for assault and contends his trial counsel was ineffective in failing to object to the instruction on assault as a lesser-included offense of attempt to commit murder. He claims we should overrule *Blanford v. State*, 340 N.W.2d 796 (Iowa Ct. App. 1983), and *State v. Powers,* 278 N.W.2d 26 (Iowa 1979), to the extent those decisions hold assault is a lesser-included offense of attempt to commit murder. We hold that assault is a lesser-included offense under Iowa Code section 708.1(1) (2005). Evans's counsel was not ineffective for failing to object to the inclusion of assault as a lesser-included offense of the charges submitted.

## I. Background Facts and Proceedings.

James Evans was accused of robbing the Mister Money Store on South East 14th Street in Des Moines on June 26, 2007. He was charged with four crimes: (1) attempted murder in violation of Iowa Code section 707.11, (2) first-degree robbery in violation of Iowa Code sections 711.1 and 711.2, (3) intimidation with a dangerous weapon with intent in violation of Iowa Code section 708.6, and (4) eluding while participating in a felony in violation of Iowa Code section 321.279(3).

A jury trial was held. The matter was submitted to the jury at the close of the trial. The court submitted jury instructions on assault with intent to inflict serious injury in violation of Iowa Code sections 708.1(1) and 708.1(2) as lesser-included offenses of attempted murder. The jury found Evans guilty of assault with intent to inflict serious injury, first-degree robbery, intimidation with a dangerous weapon with intent, and eluding while participating in a felony.

Evans appealed. In his appeal, he challenged his conviction for assault with intent to inflict serious injury, claiming that attempted

murder does not include the lesser-included offense of assault with intent to inflict serious injury under the Iowa test for lesser-included offenses. He also claimed he was denied effective assistance of counsel because his attorney failed to object to the submission to the jury of assault as a lesser-included crime. He did not challenge his three other convictions.

His appeal was routed to the court of appeals. The court of appeals found that assault was a lesser-included offense of attempt to commit murder and affirmed his conviction. He filed an application for further review, which we accepted.

## II. Scope of Review.

Generally we preserve ineffective-assistance-of-counsel claims for postconviction relief; however, we will address these claims on direct appeal if the record is sufficient. *State v. Lane*, 726 N.W.2d 371, 392–93 (Iowa 2007). We find the record adequate to address Evans's claim.

To establish an ineffective-assistance-of-counsel claim, a defendant must demonstrate by a preponderance of the evidence that: " '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.' " *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008) (quoting *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006)). The claim fails if either element is lacking. *Id.*

## III. Discussion and Analysis.

At Evans's trial, the assault alternatives in both Iowa Code section 708.1(1) and section 708.1(2) were submitted to the jury. Evans's sole contention in this appeal is that assault as defined under Iowa Code section 708.1(1) is not a lesser-included offense of attempted murder.[1]

---

[1]Evans was convicted of assault with intent to inflict serious injury under instructions that contained both subsections (1) and (2) of Iowa Code section 708.1. Because the conviction of that count was under a general verdict, we cannot determine

We recently held in a companion case that assault as defined in Iowa Code section 708.1(1) is a lesser-included offense of attempted murder. *State v. Braggs*, __ N.W.2d __, __ (Iowa 2010); *see also* Iowa R. Crim. P. 2.6(3) ("In cases where the public offense charged may include some lesser offense it is the duty of the trial court to instruct the jury, not only as to the public offense charged but as to all lesser offenses of which the accused might be found guilty under the indictment and upon the evidence adduced, even though such instructions have not been requested.").

Because an objection to assault, as defined under Iowa Code section 708.1(1), as a lesser-included offense would have been without merit, we find Evans's counsel was not ineffective for failing to object to the inclusion of assault as a lesser-included offense of attempted murder.

### IV. Disposition.

We affirm Evans's conviction and sentence.

**AFFIRMED.**

This opinion shall not be published.

---

which alternative was the basis of the jury's verdict. Assault as defined in subsection (2) requires:

> Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Iowa Code § 708.1(2). Because the argument has not been made, we do not answer the question whether an assault under subsection (2) is a lesser-included offense of attempted murder, i.e., whether a threat may be sufficient to sustain a conviction for assault under subsection (2) if intended to provoke fear and the defendant had the apparent ability to execute the act threatened, but not support a charge of attempted murder which requires the intent to do actual physical harm, not just instill fear of future harm in the victim.