# IN THE COURT OF APPEALS OF IOWA

No. 15-0335
Filed June 15, 2016

**MARK DOTSON,**
  Applicant-Appellee,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.

The State appeals the district court decision granting the applicant credit

against his Iowa sentence for time served in another state. **AFFIRMED IN**

**PART, REVERSED IN PART, AND REMANDED.**

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney

General, for appellant.

Mark C. Meyer, Cedar Rapids, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

The State appeals the district court decision granting Mark Dotson credit against his Iowa sentence for time served in Wisconsin. We affirm the district court's ruling Dotson was entitled to mandatory credit for time served from the date of the Johnson County arrest warrant to the date of the Wisconsin conviction, and from the time of Dotson's Iowa conviction until procedendo was issued in his appeal. We agree with the district court's conclusion there should be a resentencing hearing to determine whether Dotson should receive discretionary credit from the time of procedendo in his direct appeal to the date he returned to custody in Iowa. We reverse the district court's conclusion Dotson was entitled to mandatory credit for the time from Dotson's Wisconsin conviction until he was brought to Iowa for trial and remand for a determination of whether he should receive discretionary credit for that time period.

## I.     Background Facts & Proceedings

In 1999 Dotson committed the crime of first-degree robbery in Johnson County, Iowa. He then went to Wisconsin and committed other crimes. Dotson was taken into custody in Wisconsin on June 25, 1999. On June 28, 1999, a warrant for his arrest was issued in Johnson County, and Iowa officials contacted Wisconsin officials requesting a hold be placed on Dotson. The arrest warrant set bail in the amount of $50,000, cash only.

Dotson was convicted in Wisconsin on February 25, 2000, and sentenced to prison there. He filed a request to be extradited to Iowa. On May 24, 2001, Dotson was taken into custody in Johnson County. He was convicted of first-degree robbery, while armed with a firearm. On March 1, 2002, he was

sentenced to a term of imprisonment not to exceed twenty-five years, with "credit for any time previously served."[1]  The sentencing order provided Dotson would not be admitted to bail if an appeal was taken, citing Iowa Code section 811.1(2) (2001).

Dotson was returned to custody in Wisconsin after his Iowa sentencing on March 1, 2002.  The Iowa Court of Appeals affirmed Dotson's Iowa conviction. *State v. Dotson*, No. 02-0347, 2003 WL 118521, at *5 (Iowa Ct. App. Jan. 15, 2003).  Procedendo was issued on April 25, 2003.

Dotson completed his Wisconsin sentence and was returned to custody in Iowa on October 18, 2005.  On February 27, 2014, Dotson filed a pro se motion to correct an illegal sentence, claiming the sentencing order improperly set out the mandatory minimum sentence for his offense.  After a hearing, the court entered an order on July 24, 2014, correcting Dotson's sentence to impose the mandatory minimum sentence required by statute.  The order recognized Dotson would receive credit for 302 days previously served.

On February 27, 2014, Dotson also filed an application for postconviction relief, requesting to have the time he served in Wisconsin applied to his sentence.[2]  Dotson and the State filed a joint stipulation to a timeline of events and agreed the case involved four time periods:  (1) the time from the Johnson County arrest warrant, June 28, 1999, to the date of the Wisconsin conviction, February 25, 2000; (2) the time from Dotson's Wisconsin conviction,

---

[1]  At the sentencing hearing the court stated Dotson would be given credit for 302 days previously served.
[2]  The district court determined the filing, which was captioned as a habeas corpus action, should be considered an application for postconviction relief.

February 25, 2000, until he was brought to Iowa for trial, May 24, 2001; (3) the time from his Iowa conviction, March 1, 2002, until procedendo was issued in his appeal, April 25, 2003; and (4) the time from procedendo in his direct appeal, April 25, 2003, to the date he returned to custody in Iowa, October 18, 2005.

At the postconviction hearing, the State agreed Dotson would likely receive credit for the first time period, from the date of the warrant for his arrest in Iowa, June 28, 1999, until the date he was convicted in Wisconsin, February 25, 2000, based upon *State v. Peel*, No. 08-0327, 2009 WL 2170252, at *2 (Iowa Ct. App. July 22, 2009) (finding a defendant was entitled to credit for presentence time served in Texas beginning on the date he was in custody after the arrest warrant was issued and ending on the date he began serving a Texas sentence).

The district court applied Iowa Code section 903A.5 (2013) and determined Dotson should receive mandatory credit for the first three time periods, from June 28, 1999, until February 25, 2000; from February 25, 2000, until May 24, 2001; and from March 1, 2002, until April 25, 2003. The court found Dotson received ineffective assistance because defense counsel did not request to have Dotson's Iowa sentence run concurrently with his Wisconsin sentence. It concluded Dotson should be resentenced so the issue of concurrent or consecutive sentences could be addressed, which it found would determine whether Dotson would receive credit for the fourth time period, from April 25, 2003, until October 18, 2005. The State appeals the district court's ruling.

## II.    First Time Period

We first consider the time period from the Johnson County arrest warrant to the date of the Wisconsin conviction.  At the postconviction hearing, the State argued:

> Argument number one, what I will consider the true *Peel* credit claim, under *Peel* Mr. Dotson is entitled to that time.  Obviously, the State—there's—the rationale why I don't like *Peel* is it basically allows an offender to automatically get a concurrent sentence, but that's kind of a legalistic argument, but under the law in *Peel*, he should get that credit from—
>        . . . .
>        *Peel* says you get credit in Iowa from the date of the warrant until the date of the conviction in Wisconsin.  And so the February 25th, 2000, is the date he was convicted in Wisconsin.
>        . . . .
>        So those are—the timeframe, which we agree, *Peel* argument number one, he likely gets the credit.

We determine the State agreed Dotson would likely receive credit from the date of the warrant for his arrest in Iowa, June 28, 1999, until the date he was convicted in Wisconsin, February 25, 2000, based upon *Peel*, 2009 WL 2170252, at *2.  Due to the State's concession at the postconviction hearing, we determine the district court did not err in concluding Dotson was entitled to credit for time served from the date of the Johnson County arrest warrant, June 28, 1999, until the date of his conviction on Wisconsin charges, February 25, 2000.

On appeal, the State claims the law should be changed to provide the district court with discretion to award credit for time served outside the state of Iowa.  We determine this issue has not been preserved for our review because at the postconviction hearing the State agreed Dotson should receive credit for this time period.  *See State v. Jentz*, 853 N.W.2d 259, 260 (Iowa Ct. App. 2013)

(finding the defendant did not preserve error on a claim that was not presented to the district court and no ruling was made on the issue).

### III.     Second Time Period

The State claims the district court erred by finding Dotson was entitled to mandatory credit for the time served from Dotson's Wisconsin conviction, on February 25, 2000, until he was brought to Iowa for trial, on May 24, 2001.  The State claims Dotson should not receive credit in Iowa for the time he spent in Wisconsin serving his Wisconsin sentence.

Whether a defendant is entitled to credit for time served is a matter of statutory construction and application.  *State v. Canas*, 571 N.W.2d 20, 22 (Iowa 1997).  "Statutory construction involves questions of the law that we review without deference to the trial court."  *Id.*

At the time Dotson was sentenced in 2002, Iowa Code section 903A.5 provided:

> If an inmate was confined to a county jail or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence. . . .
>      An inmate shall not receive credit upon the inmate's sentence for time spent in custody in another state resisting return to Iowa following an escape.  However, an inmate may receive credit upon the inmate's sentence while incarcerated in an institution or jail of another jurisdiction during any period of time the person is receiving credit upon a sentence of that other jurisdiction.

The first paragraph is now designated as section 903A.5(1) (2013), and the second paragraph is designated as section 903A.5(2).  We will refer to the current subsections for the sake of convenience.

Section 903A.5(1) applies when a defendant is confined "at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense." "All defendants are bailable both before and after conviction," except for defendants convicted of certain offenses. Iowa Code § 811.1. During the time after Dotson was convicted in Wisconsin until he was brought to trial in Iowa, he had not been convicted of any offenses in Iowa, and so was eligible for bail. In fact, Dotson's arrest warrant set bail in the amount of $50,000, cash only. During this second period of time he was not being held due to being charged with a nonbailable offense and, thus, was not entitled to mandatory credit under section 903A.5(1).

We determine Dotson could receive discretionary credit under section 903A.5(2) from the time he was convicted in Wisconsin until he was brought to Iowa for trial. Under section 903A.5(2), an Iowa court has discretion to give an inmate credit on an Iowa sentence for time served on a sentence in another jurisdiction. We reverse the district court's decision finding Dotson was entitled to mandatory credit for this period of time and remand to the district court for a determination of whether Dotson should receive discretionary credit for the period from February 25, 2000, until May 23, 2001, under section 903A.5(2).

## IV. Third Time Period

The third time period is the time from Dotson's Iowa conviction, March 1, 2002, until procedendo was issued in his appeal, April 25, 2003. Dotson was convicted of first-degree robbery. First-degree robbery is a class "B" felony. Iowa Code § 711.2. Felonious robbery is a forcible felony under section

702.11(1). A defendant convicted of a forcible felony, as defined in section 702.11, may not be released on bail while awaiting a judgment of conviction and sentencing, or while appealing the conviction. *Id.* § 811.1(1), (2).

Under section 811.1, once Dotson was convicted of a forcible felony in Iowa, through the time his appeal was pending, he could not be released on bail. Thus, after Dotson was convicted of a nonbailable offense on March 1, 2002, until procedendo was issued in his appeal on April 25, 2003, he was entitled to mandatory credit for time served under section 903A.5(1). We affirm the district court's decision on this issue.

## V. Fourth Time Period

The fourth time period is from the date procedendo was issued in Dotson's appeal, April 25, 2003, until he returned to custody in Iowa, October 18, 2005. The sentencing order did not state whether Dotson's Iowa sentence should be served concurrently or consecutively to his Wisconsin sentence, and the matter was not mentioned during the sentencing hearing. The general rule is an Iowa sentence is consecutive to a prior sentence in another jurisdiction, unless the Iowa sentencing court specifies otherwise. *Merchant v. State*, 374 N.W.2d 245, 246 (Iowa 1985); *Herman v. Brewer*, 193 N.W.2d 540, 545 (Iowa 1972). As the district court did not specifically rule Dotson's Iowa sentence would be served concurrently with the Wisconsin sentence, the Iowa sentence is presumed to be consecutive to the Wisconsin sentence. *See Merchant*, 374 N.W.2d at 246.

In the postconviction ruling, the district court determined Dotson received ineffective assistance because defense counsel did not request to have the Iowa sentence made concurrent to the Wisconsin sentence. We review claims of

ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

At the postconviction hearing, defense counsel testified concurrent sentences should have been requested at the time of sentencing. The court concluded defense counsel breached an essential duty by neglecting "to recommend concurrent sentences, or at a minimum, to alert the Court that Dotson had unfinished prison terms in Wisconsin. Either course of action would have saved the Court of its procedural imperfection of not specifying reasons for consecutive sentences." The court also found "Dotson has met his burden of establishing that, but for his counsels' omission, his sentencing proceeding would have incorporated a verbalized consideration of whether to grant Dotson out-of-state time credit." The court concluded there should be a resentencing hearing for the consideration of whether Dotson should receive credit on his Iowa sentence for time served in Wisconsin, pursuant to section 903A.5(2).

On our de novo review of the record, we agree with the district court's conclusion Dotson should be resentenced to permit the court to determine, in its discretion, whether Dotson should receive credit on his sentence in Iowa for time served while incarcerated in Wisconsin on his Wisconsin sentence from the time

procedendo was issued in his appeal, April 25, 2003, until the date he returned to custody in Iowa, October 18, 2005.

**VI.     Summary**

For the first time period, from the Johnson County arrest warrant, June 28, 1999, to the date of the Wisconsin conviction, February 25, 2000, we find the district court properly concluded Dotson was entitled to mandatory credit for time served under section 903A.5(1).   For the second time period, the time from Dotson's Wisconsin conviction, February 25, 2000, until he was brought to Iowa for trial, May 24, 2001, we reverse the district court's conclusion Dotson was entitled to mandatory credit and remand for a determination of whether he should receive discretionary credit under section 903A.5(2).   For the third time period, from the time of Dotson's Iowa conviction, March 1, 2002, until procedendo was issued in his appeal, April 25, 2003, we affirm the district court's conclusion Dotson was entitled to mandatory credit under section 903A.5(1).   In considering the fourth time period, the time from procedendo in his direct appeal, April 25, 2003, to the date he returned to custody in Iowa, October 18, 2005, we agree with the district court's conclusion there should be a resentencing hearing to determine whether Dotson should receive discretionary credit, pursuant to section 903A.5(2).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**