# IN THE COURT OF APPEALS OF IOWA

No. 16-0322
Filed December 21, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BARRY J. HOLDEN,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Floyd County, DeDra L. Schroeder,

Judge.

A defendant appeals the judgment and sentence following his guilty plea.

**PLEA AND SENTENCE VACATED; CASE REMANDED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Barry Holden appeals the judgment and sentence following his guilty plea to assault with intent to commit sexual abuse, in violation Iowa Code section 709.11(3) (2013). Holden claims his plea was not knowing and intelligent, there was no factual basis for his plea, and his counsel was ineffective. Because we find Holden's counsel was ineffective, we vacate Holden's plea and sentence and remand for further proceedings.

I.     Background Facts and Proceedings

On June 4, 2014, the State charged Holden with burglary in the first degree, sexual abuse in the third degree, and assault with intent to commit sexual abuse. On November 17, 2015, Holden, in conjunction with a plea agreement, pled guilty to one count of assault with intent to commit sexual abuse, an aggravated misdemeanor. At the plea hearing, the State said the plea agreement allowed for the dismissal of the burglary and sexual abuse charges against Holden and described the other terms as follows:

> The State would then recommend a suspended two-year prison term. That he be placed on probation for a period of two years to the Department of Corrections. That this case would run concurrent to the case he's currently serving on probation for, and that he be subject to the sex offender registry. 903 I think it's B.2 is the special sentence that applies to an aggravated misdemeanor

The district court discussed the penalties Holden could face and stated: "There's also the requirement of a ten-year registry with the sex offender registry, as [defense counsel] visited with you about. Do you understand that?" Following the colloquy, the court accepted Holden's guilty plea.

Following a brief recess and Holden's waiver of additional time before sentencing, the court commenced with the sentencing hearing. The State recommended a suspended two-year prison term, a fine, a civil penalty, a no-contact order, and "[t]hat he be required to register on the sex offender registry for ten years." The State also asked "that it run concurrent to his case that he's currently on probation for." The court then sentenced Holden in conjunction with the State's recommendation.[1]

On December 9, 2015, Holden filed a motion seeking clarification regarding the concurrent nature of the probation portion of the sentence with the probation he was already serving for a prior conviction. Holden claimed he believed, when he entered his plea, that his probation for this conviction would end at the same time as his prior probation, which was slated to end in a few weeks. The State resisted Holden's view of the plea agreement and sentence and contended that the probation period was two years and only ran "concurrent" with the prior probation for the period both were active. The district court agreed with the State and rejected Holden's interpretation of the probationary term of the current sentence.

Holden appeals from his guilty plea claiming the district court erred in stating he would be required to be on the sex offender registry (SOR) for a period of only ten years when the Iowa Code requires lifetime registration for his

---

[1] Ten years was consistently referred to as the term for the sex offender registry and the court used that term in oral pronouncement at sentencing. However, the written sentencing order does not specify a term of years; rather, it says Holden will register in conjunction with 692A—which actually would have required lifetime registry. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) ("A rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls.'" (citation omitted)).

offense. He also claims his counsel was ineffective in failing to catch the court's error and failing to file a motion in arrest of judgment. He also claims his counsel was ineffective for misadvising him as to the extent of his probationary term and in not challenging the factual basis for his guilty plea.

## II. Standard of Review

We review challenges to the entry of a guilty plea for correction of errors at law. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). However, we review challenges to guilty pleas in the context of a claim of ineffective assistance of counsel de novo. *Id.*

## III. Error Preservation

Generally, we will not review the validity of a guilty plea unless the defendant filed a motion in arrest of judgment. *State v. Lucas*, 323 N.W.2d 228, 230 (Iowa 1982). The district court informed Holden of this when accepting his plea. Nevertheless, Holden elected to proceed with sentencing and waived his right to challenge his plea through a motion in arrest of judgment. Consequently, error has not been preserved, and to the extent Holden's claims are direct challenges to his plea and sentence, we decline to address them. *See id.* at 230.

However, claims of ineffective assistance of counsel are an exception to the general rule that a guilty plea may not be challenged absent a motion in arrest of judgment. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). Accordingly, we will address Holden's claims to the extent he asserts his counsel was ineffective. *See id.*

IV.    Ineffective Assistance of Counsel

Holden claims his counsel was ineffective in: (1) misadvising him about the nature of his concurrent sentence, (2) misadvising him about the length of time he would be required to register on the SOR, and (3) allowing him to enter a guilty plea without a factual basis.  The State responds that while Holden was misadvised by counsel regarding the length of his probation and the length of the time he will be on the SOR, Holden was not prejudiced by the faulty advice, and there was a factual basis for his plea.  "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal. . . .  However, we depart from this preference in cases where the record is adequate to evaluate the appellant's claim."  *Tate*, 710 N.W.2d at 240.

Counsel is ineffective when counsel's performance, measured against objective standards, falls below professional norms.  *State v. Clay*, 824 N.W.2d 488, 494–95 (Iowa 2012).  "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted."  *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

Whether counsel failed to perform an essential duty is measured against the objective standard of a reasonably competent practitioner.  *Id.* at 195–96.  "We begin with the presumption that counsel performed competently and measure counsel's performance objectively, 'by determining whether counsel's assistance was reasonable, under prevailing professional norms, considering all the circumstances.'"  *State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011) (quoting *State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010).

To show prejudice, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Therefore, Holden must demonstrate a reasonable probability he would not have pled guilty, absent any breach of duty by his counsel.

Holden asserts his counsel failed to perform an essential duty by misinforming him about the length of time he would be on probation. "Holden contends his counsel misadvised him that "concurrent" meant the probation for the current offense would end at the same time as his prior probation—just a few weeks after the sentencing hearing. Consequently, Holden asserts he was not aware he would remain on probation for two years following the imposition of the sentence, regardless of the discharge of his prior probation.

At the hearing on Holden's motion to clarify his sentence, his counsel was candid in confirming for the court that he misunderstood the concurrent nature of Holden's probation and that this misunderstanding informed Holden's understanding of the plea agreement. Holden's counsel also acknowledged that the Iowa Supreme Court's decision in *State v. Canas* did not support his understanding of concurrent. 571 N.W.2d 20, 24 (Iowa 1997) ("If the court imposes concurrent sentences, the sentences must be served simultaneously in whole or in part."). *Canas* is directly on point and contradicts Holden's counsel's definition of concurrent. *See id.* In failing to recognize *Canas*'s dictate and advise his client accordingly, counsel's performance fell below professional norms. *See Clay*, 824 N.W.2d at 494–95. Therefore, we conclude counsel failed

to perform an essential duty in misadvising Holden about the concurrent nature of his probation.

Due process requires guilty pleas to be entered voluntarily. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003). In order to be voluntary, a guilty plea must be knowing and intelligent. *Id.* "[A] defendant must be aware not only of the constitutional protections that he gives up by pleading guilty, but he must also be conscious of 'the nature of the crime with which he is charged' and the potential penalties." *Id.* at 150–51 (citation omitted). "Misstatements by defense counsel, once given, can . . . destroy a defendant's opportunity to make a knowing and intelligent choice." *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983). Ultimately, counsel's failures undermined Holden's ability to understand the potential sentences he faced. While the district court explained the options plainly, Holden's understanding was warped by his counsel's incorrect advice. Based on that incorrect advice and the resulting misinformation provided to Holden, we find Holden's plea was not knowing and intelligent. *See Meier*, 337 N.W.2d at 207.

The defects in Holden's plea could have a significant impact on the sentence he ultimately serves. His two-year prison sentence was suspended, and he was instead put on probation. But if during that two-year time, he violated the terms of his probation, the prison sentence could be imposed. With this in mind, his misunderstanding about the concurrent nature of his probation terms is significant and could have impacted his decision to plead guilty. Because Holden was misinformed about the potential punishments he faced when he entered his

plea, there is a reasonable probability that, if provided with the correct options, he would have chosen not to enter a guilty plea. [2]  *See Strickland*, 466 U.S. at 694.

V.      Conclusion

Because we conclude Holden's trial counsel failed to perform an essential duty by not informing him of the correct duration of his probation and Holden was prejudiced by the lack of such information, we hold Holden's counsel was ineffective.  Therefore, we vacate his plea and sentence and remand for further proceedings.

**PLEA AND SENTENCE VACATED; CASE REMANDED.**

Vaitheswaran, J., concurs; McDonald, J., dissents.

---

[2] Holden also claims his counsel was ineffective in allowing him to enter a guilty plea without a factual basis to support the plea.  On our review of the record, we find a factual basis was shown to support his plea; therefore, counsel was not ineffective, in allowing him to plead guilty to the offense.

**MCDONALD, Judge.** (dissenting)

Generally, "notice of appeal must be filed within thirty days after the filing of the final order or judgment." Iowa R. App. P. 6.101(1)(b). In this case, the criminal judgment was entered on November 18, 2015. Holden filed his notice of appeal on February 17, 2016, almost sixty days after the deadline. Timely filing notice of appeal is a jurisdictional prerequisite. *See Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668–69 (Iowa 2013). We are thus required to dismiss the appeal for lack of jurisdiction.

To reach the merits of the case, the majority must conclude the time for filing notice of appeal was tolled. *See Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013). Rule 6.101(1)(b) provides the appeal deadline can be tolled and notice of appeal can be filed within thirty days after the district court rules on a motion filed pursuant to Iowa Rule of Civil Procedure 1.904(2). The tolling period applies, however, only where the motion is both proper and timely. *Harrington v. State*, 659 N.W.2d 509, 513 (Iowa 2003) ("If the rule 1.904(2) motion is not timely filed . . . it will not toll the thirty-day time period for filing a notice of appeal."); *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904–05 (Iowa 1998) (stating that an improper motion will not toll the time period to file an appeal).

Holden's motion to correct sentence was not proper and did not toll the jurisdictional deadline. Rule 1.904(2) allows for a party to file a motion to enlarge or amend the judgment. On December 9, Holden filed a "motion to correct sentence," in which he essentially asked for clarification whether "concurrent" meant "concurrent." The district court issued an order "correcting and clarifying judgment and sentence" on December 22. The order did not in any way alter the

legal substance of the judgment. On December 28, the State filed a motion requesting a hearing on the matter. In response, on January 21, 2016, the court ordered "the Defendant will not receive credit for time served on probation that was served prior to the Defendant's sentencing." Holden appealed from this order concerning whether he would receive credit for time served. The motion to correct sentence did not seek to enlarge or amend the judgment; it sought only an interpretation of the judgment. The December 9 motion was not a proper motion tolling the time to file notice of appeal. *See Hedlund v. State*, 875 N.W.2d 720, 727 (Iowa 2016) (dismissing appeal where improper motion failed to toll time for appeal); *In re Marriage of Okland*, 699 N.W.2d 260, 265 n.2 (Iowa 2005) ("A rule 1.904(2) motion . . . is not available to a party to challenge a ruling that was confined to a question of law with no underlying issue of fact.").

Even if Holden's motion were a proper motion, the motion was not timely filed. Rule 1.904(2) provides the motion must be filed "within the time allowed for a motion for new trial." A motion for new trial must be filed within fifteen days of the challenged order or judgment. *See* Iowa R. Civ. P. 1.1007. Here, the judgment was entered on November 18. The motion was not filed until December 9, or more than fifteen days after the judgment. The majority does not identify any timely filed motion that would have tolled the time to file notice of appeal.

This court's "jurisdiction of the subject matter . . . may be raised at any time and is not waived even by consent." *Green v. Sherman*, 173 N.W.2d 843, 846 (Iowa 1970). We are required to address subject matter jurisdiction even if not raised by the parties. "If we determine subject matter jurisdiction is absent,

an order dismissing the petition is the only appropriate disposition." *Lloyd v. State*, 251 N.W.2d 551, 558 (Iowa 1977). I would dismiss this appeal for lack of subject matter jurisdiction.