# IN THE SUPREME COURT OF IOWA

No. 12–0811

Filed November 30, 2012

**STATE OF IOWA,**

    Appellee,

vs.

**ALLEN ROBERT ALLENSWORTH,**

    Appellant.

---

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Defendant serving prison sentence appeals order denying earned-time credit for period spent on supervised probation before his incarceration. **AFFIRMED.**

Joseph P. Vogel of The Law Office of Turner & Vogel, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

This appeal involves a dispute over the application of the probation credit recognized in *Anderson v. State,* 801 N.W.2d 1 (Iowa 2011). The fighting issue is whether an offender accrues earned time under Iowa Code section 903A.2 (2011) while on supervised probation before his incarceration. Defendant, Allen Allensworth, initially received suspended sentences for drug offenses and two years of probation. He was incarcerated after his probation was revoked. Allensworth contends the Iowa Department of Corrections (IDOC) erroneously withheld his earned-time credit for the probationary period, which would entitle him to release from prison on February 5, 2013. IDOC argues earned-time credits are only earned while the offender is incarcerated and calculates his tentative discharge date to be December 4, 2013.

The district court ruled IDOC correctly calculated his discharge date because earned-time credits are only earned while the offender is incarcerated. We agree, based on the unambiguous language of the earned-time statute, which limits accrual of earned-time credit to inmates who are incarcerated. *Id.* Accordingly, we affirm the district court's order denying earned-time credit for the time Allensworth spent on supervised probation.

## I. Background Facts and Proceedings.

The facts are undisputed. In our prior opinion in this case, we set forth the circumstances of Allensworth's arrest and search of his vehicle in April 2006 that yielded twenty-five grams of methamphetamine hidden in the steering column. *State v. Allensworth,* 748 N.W.2d 789, 790–91 (Iowa 2008). He was charged with one count of possession of a controlled substance (more than five grams) with intent to deliver, in violation of Iowa Code section 124.401(1)(*b*)(7) (2005), and a second

count of failure to possess a tax stamp, in violation of sections 453B.3 and 453B.12. He pled guilty to both charges after we reversed the district court order suppressing evidence of the methamphetamine. On October 31, 2008, the district court imposed suspended sentences of ten years (Count I) and five years (Count II) to run consecutively, and two years of supervised probation with the department of correctional services.

His probation did not go well. On September 14, 2009, Allensworth stipulated to probation violations at a revocation hearing. On February 1, 2010, the district court conducted a dispositional hearing and extended his probation by three years and ordered him to complete an in-jail treatment program. On December 1, Allensworth stipulated to additional violations. The district court conducted a contested probation disposition hearing on December 22. The district court specifically found Allensworth had continued his drug usage and failed to comply with the terms of his drug treatment program. The next day, the court entered its order revoking his probation and imposing his original prison sentences totaling fifteen years. He currently is an inmate at the Clarinda Correctional Facility.

On July 29, 2011, we filed our opinion in *Anderson* recognizing a probation credit under Iowa Code section 907.3(3) (2007). *Anderson*, 801 N.W.2d at 5. On October 31, Allensworth filed a "request for time," challenging the IDOC's calculation of his tentative discharge date. The district court entered an order setting the matter for hearing and directing the IDOC to respond. The IDOC filed a response. The district court held an unreported hearing on March 22, 2012, and issued its ruling the next day. The ruling outlined the respective positions of the parties as follows:

The parties agree on the raw numbers applicable to the calculations in question, as well as the defendant's status to receive credit for his time on supervised probation, as required by *Anderson v. State*, 801 N.W.2d 1, 5 (Iowa 2011). Their only point of contention is the order in which the applicable credits are calculated; the defendant takes the position that earned time should be calculated before his probation credit under *Anderson*, while the Department of Corrections argues the order should be reversed. The significance of the argument is that if earned time is calculated before probation credit, the defendant's sentence would be shortened by an additional 300 days, as compared to the Department's calculations as contained in its written response. Iowa Code § 903A.2(1)(*a*) (2007) (earned time accrues at the rate of 1.2 days for each day served).

The district court ruled in favor of the IDOC, stating:

The court agrees with the Department's calculations. The proper order of calculation would be to reduce the defendant's sentence first by his probation credit, and then by his earned time (and jail credit). This is because earned time (as the name suggests) does not begin until the defendant is committed to the director of the Department of Corrections. Iowa Code § 903A.2(1) (2007). To allow him to take earned time off his sentence prior to any reduction for his probation credit under *Anderson* would be inconsistent with this directive. It would, in essence, give him credit (in terms of earned time) for time he never "earned;" i.e., never served while in a DOC facility.

(Footnote omitted.)

Allensworth appealed. We retained the appeal to decide whether Allensworth's time on supervised probation, credited against his prison sentence under *Anderson*, also accrued earned-time credit under section 903A.2.

**II. Scope of Review.**

We review this question of statutory interpretation for correction of errors of law. *Anderson*, 801 N.W.2d at 3.

**III. Analysis.**

Allensworth is one of the inmates whose discharge dates were recalculated by the IDOC after our decision in *Anderson*. In that case,

we held Iowa Code section 907.3(3) (2007) required sentencing credit for time served on supervised probation after the defendant is committed to the judicial district department of correctional services. *Id.* at 5 (mandating credit against prison sentence for the offender's time served living at home under electronic monitoring). We applied the following language in section 907.3(3) as written: " 'A person so committed who has probation revoked shall be given credit for such time served.' " *Id.* at 4 (quoting Iowa Code § 907.3(3) (2007)).

The legislature amended section 907.3(3) in its next session following the *Anderson* decision by adding the word "not" to that sentence, thus limiting the credit to time served in alternate jail or correctional facilities. *See* 2012 Iowa Acts ch. 1138, § 91 ("A person so committed who has probation revoked shall *not* be given credit for such time served. However, *a person committed to an alternate jail facility or a community correctional residential treatment facility who has probation revoked shall be given credit for time served in the facility.*" (Emphasis added.)). This amendment became effective on the date of its enactment, May 25, 2012. *Id.* § 93. The State does not claim the 2012 amendment to section 907.3(3) applies to this appeal and agrees Allensworth is entitled to a section 907.3(3) credit reducing his prison sentence by each day he spent on supervised probation.

Allensworth seeks to further reduce his remaining time incarcerated through the accrual of earned-time credit for his days spent outside prison walls under supervised probation. The State argues he is not entitled to earned-time credit for this probationary period. This appeal provides the opportunity to clarify how probation credits should be calculated. The parties agree Allensworth's fifteen-year sentence is reduced by three separate credits, but disagree as to the sequence in

which each credit is applied. The source for each sentencing credit is found in a different statutory provision: Iowa Code section 903A.2 governs earned-time credits, section 903A.5(1) governs jail-time credit, and section 907.3(3) governs the probation credit.

Allensworth argues the earned-time credit under section 903A.2 should be applied first to reduce the full sentence, then the credits for jail time under section 903A.5(1) and time spent on probation under section 907.3(3) are to be applied to offset the remaining sentence. As the district court recognized, this sequence accelerates his discharge date by accruing earned-time credit on days he spent on supervised probation. Conversely, the IDOC's sequence avoids awarding Allensworth earned-time credit for the time he spent on probation by applying the section 907.3(3) (2007) probation credit against his sentence first. That way, the earned-time credit only accrues for days he actually is incarcerated.

We must decide whether earned time can be earned while outside prison walls. We will examine the interrelated statutory provisions together to determine the proper sequence for applying each credit. " 'If more than one statute relating to the subject matter at issue is relevant to the inquiry, we consider all the statutes together in an effort to harmonize them.' " *Kolzow v. State*, 813 N.W.2d 731, 736 (Iowa 2012) (quoting *State v. Carpenter*, 616 N.W.2d 540, 542 (Iowa 2000)).

**A. Earned-Time Credit.** Iowa Code section 903A.2 is titled "Earned time" and allows inmates to reduce their sentences for good conduct. The purpose of earned-time credit "is to encourage prisoners to follow prison rules and participate in rehabilitative programs." *Kolzow*, 813 N.W.2d at 738. Section 903A.2 provides in part:

1. *Each inmate committed to the custody of the director of the department of corrections is eligible to earn a reduction of sentence in the manner provided in this section.* For purposes of calculating the amount of time by which an inmate's sentence may be reduced, inmates shall be grouped into the following two sentencing categories:

a. Category "A" sentences are those sentences which are not subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement under section 902.12. . . . *An inmate of an institution under the control of the department of corrections who is serving a category "A" sentence is eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct and satisfactorily participates in any program or placement status identified by the director to earn the reduction. . . .*

. . . .

2. Earned time accrued pursuant to this section may be forfeited in the manner prescribed in section 903A.3.

3. *Time served in a jail or another facility prior to actual placement in an institution under the control of the department of corrections and credited against the sentence by the court shall accrue for the purpose of reduction of sentence under this section.* Time which elapses during an escape shall not accrue for purposes of reduction of sentence under this section.

Iowa Code § 903A.2(1)–(3) (emphasis added).

Section 903A.2 by its terms limits eligibility for earned time to "inmate[s] committed to the custody of the director of the department of corrections." *Id.* § 903A.2(1). Allensworth was not an "inmate" while he was on supervised probation, nor was he "committed to the custody" of IDOC until he began serving his prison sentence. We agree with the district court's conclusion that "earned time (as the name suggests) does not begin until the defendant is committed to the director of the Department of Corrections," and that permitting Allensworth to accrue earned time during his earlier probation "would be inconsistent with this directive."

Allensworth is serving a category A sentence. The applicable earned-time credit is allowed for "an *inmate of an institution* under the control of the department of corrections who is serving a category 'A' sentence." *Id.* § 903A.2(1)(*a*) (emphasis added). As noted, Allensworth was not an inmate of an IDOC-controlled institution while he was released on supervised probation. Accordingly, his probationary time is ineligible for earned-time credit under the plain language of the governing statute.

Moreover, the statutory mechanism for forfeiting earned-time credit reinforces the conclusion that earned time only accrues while the offender is incarcerated. Section 903A.2 provides: "Earned time accrued pursuant to this section may be forfeited in the manner prescribed in section 903A.3." Section 903A.3 in turn provides for loss or forfeiture of earned time for the inmate's violation of "an institutional rule." Specific procedures are required for forfeiture, including the inmate's right of appeal to the warden or warden's designee. No procedure is in place for forfeiture of earned time while on supervised probation. Nor is loss of earned time mentioned among the various penalties set forth in the separate statute governing probation violations. *See id.* § 908.11.

Significantly, the earned-time-credit statute expressly provides that earned time also accrues for "[t]ime served in a jail or another facility . . . credited against the sentence." *Id.* § 903A.2(3). No provision applicable to Allensworth within section 903A.2 or elsewhere extends earned-time credit to supervised probation while the offender is not incarcerated. Accordingly, we see no textual basis for awarding earned-time credit for time on supervised probation. As the district court correctly concluded, earned time must be "earned" in an IDOC facility. If the legislature had

intended earned time to accrue while the offender is on probation, it would have said so.

**B. Jail-Time Credit.** Section 903A.5 governs "jail time" credit. This statute provides in part:

> An inmate shall not be discharged from the custody of the director of the Iowa department of corrections until the inmate has served the full term for which the inmate was sentenced, less earned time and other credits earned and not forfeited, unless the inmate is pardoned or otherwise legally released. . . . An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution. *If an inmate was confined to a county jail or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.*

*Id.* § 903A.5 (emphasis added).

Section 903A.5 by its plain language provides a credit against the prison sentence for time served in jail on the same charge. In calculating Allensworth's tentative discharge date, IDOC has already reduced his prison sentence by his jail time with earned time credit accruing both for his time in jail and in prison. Earned-time credit accrues for time served "in a jail or another facility" when such jail time is credited against the sentence as expressly provided in section 903A.2(3). We held in *Anderson* that his "home is not a 'jail or other correctional facility.' Section 903A.5(1) does not entitle Anderson to sentencing credit for time spent under home supervision and electronic monitoring." *Anderson*, 801 N.W.2d at 4. Accordingly, because Allensworth's street time falls outside of sections 903A.2(3) and 903A.5, there is no textual basis for extending the earned-time credit to his probationary period.

**C. Section 907.3(3) Probation Credit.** The statutory source for the probation credit is Iowa Code section 907.3(3). *See Anderson*, 801 N.W.2d at 5. IDOC is allowing Allensworth day-for-day credit for his time spent on supervised street probation. But, nothing in section 907.3(3) allows earned-time credit to accrue while on probation outside the walls of a jail or other correctional facility. To the contrary, section 903A.2 explicitly limits earned-time accruing before placement in prison to "[t]ime served in a jail or another facility." Iowa Code § 903A.2(3). Allensworth was not serving time in an eligible facility during his days on supervised probation.

" 'The general rule is that, absent a specific provision allowing for it, a court does not err by denying credit for time served on probation.' " *State v. Canas*, 571 N.W.2d 20, 25 (Iowa 1997) (quoting *Trecker v. State*, 320 N.W.2d 594, 595 (Iowa 1982), *superseded by statutory amendment*, 1996 Iowa Acts ch. 1193, § 19, *as recognized in Anderson*, 801 N.W.2d at 4–5). The legislature amended section 907.3(3) in 1996 by adding the sentence requiring credit for time spent on supervised probation. *See Anderson*, 801 N.W.2d at 4–5 ("The 1996 amendment added the statutory authorization *Trecker* found lacking earlier."). The amendment allowing a sentencing credit for probation, however, did not also authorize accrual of earned-time credit for time spent on probation. We will not require the IDOC to recognize an earned-time credit the legislature did not expressly allow. *See Canas*, 571 N.W.2d at 25 (concluding that legislature's failure to require a particular sentencing credit "indicates the legislature did not intend to grant such credit"). The probation credit found in section 907.3(3) does not entitle Allensworth to the earned-time credit allowed in section 903A.2. We will not rewrite the

statutes to provide a credit that is not there. As noted, the earned-time credit accrues only while he is incarcerated.

Because the operative statutory language in section 903A.2 governing earned-time credit is unambiguous, the rule of lenity does not apply. *See Kolzow*, 813 N.W.2d at 739 (finding the rule of lenity did not apply to the unambiguous statute). Finally, we reject Allensworth's constitutional argument because the IDOC applied the unambiguous language of Iowa Code section 903A.2 in calculating his tentative discharge date and, thus, did not arbitrarily restrain Allensworth's liberty.

## IV. Conclusion.

For the reasons set forth above, we conclude the district court correctly rejected Allensworth's claim for earned-time credit to be accrued while he was on supervised probation. Earned-time credits are only earned while the offender is incarcerated. We therefore affirm the district court's March 23 ruling.

**AFFIRMED.**