# IN THE SUPREME COURT OF IOWA

No. 14–1193

Filed April 24, 2015

**STATE OF IOWA,**

    Appellant,

vs.

**PATRICK RYAN NICOLETTO,**

    Appellee.

---

Appeal from the Iowa District Court for Davis County, Daniel P. Wilson, Judge.

The State appeals the district court's ruling that the defendant is a wrongfully imprisoned person under Iowa Code section 663A.1. **REVERSED.**

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellant.

Steven P. Wandro, Kara M. Simons, and Shayla L. McCormally of Wandro & Associates, P.C., Des Moines, for appellee.

**HECHT, Justice.**

Patrick Nicoletto, a former high school basketball coach, was convicted of sexual exploitation by a school employee in violation of Iowa Code section 709.15(3) (2011). Immediately following his sentencing hearing, Nicoletto filed a notice of appeal, posted an appeal bond, and was released from custody. He did not spend any time inside a state penitentiary. On appeal, we determined a person holding only a coaching authorization was not subject to prosecution under the statute in force at the time, and we therefore reversed Nicoletto's conviction. *State v. Nicoletto,* 845 N.W.2d 421, 432 (Iowa 2014), *superseded by statute,* 2014 Iowa Acts ch. 1114, § 1 (codified at Iowa Code § 709.15(1)(*f*) (2015)). After reversal of his conviction, Nicoletto filed an application requesting the district court enter an order finding Nicoletto is a "wrongfully imprisoned person" who is entitled to compensation from the State under Iowa Code section 663A.1 (2013). The district court granted Nicoletto's application. In this appeal, we determine whether defendants who fail to prove they were incarcerated in a prison can nonetheless be "imprisoned" within the meaning of section 663A.1.

**I. Background Facts and Proceedings.**

On July 20, 2012, Nicoletto was convicted of sexual exploitation of a student. *See* Iowa Code § 709.15(3) (2011). On October 3, the district court sentenced Nicoletto to an indeterminate prison term of five years and set a $7500 appeal bond. Within hours of his sentencing, Nicoletto posted the appeal bond and was released from custody, never spending a night incarcerated.[1] On April 11, 2014, we reversed his conviction,

---

[1]The sentencing order is file stamped 2:59 p.m. on October 3, 2012. The appeal bond was not file stamped until the following morning. Both parties agree, however,

finding that "a mere holder of a coaching authorization without a professional license . . . does not fall under the sexual exploitation statute." *Nicoletto*, 845 N.W.2d at 422. We remanded the case to the district court with instructions to dismiss the charges against Nicoletto. *Id.* at 432.

On May 7, Nicoletto filed an application seeking the district court's determination that he is a "wrongfully imprisoned person." *See* Iowa Code § 663A.1(1) (2013). The State filed a motion to dismiss, asserting Nicoletto's release on appeal bond precluded recovery under chapter 663A because it meant he was never imprisoned. The court found Nicoletto is a wrongfully imprisoned person under Iowa Code section 663A.1. The State appealed, and we retained the appeal.

## II. Scope of Review.

We review a district court's ruling on wrongful imprisonment claims for correction of errors at law. *State v. McCoy*, 742 N.W.2d 593, 596 (Iowa 2007). We will uphold the district court's findings if substantial evidence supports them. *Smith v. State*, 845 N.W.2d 51, 54 (Iowa 2014). "We consider evidence substantial if a reasonable person would accept the evidence as adequate to reach the district court's conclusion." *State v. Dohlman*, 725 N.W.2d 428, 430 (Iowa 2006).

## III. The Parties' Positions.

**A. The State.** The State asserts that to qualify as a wrongfully imprisoned person under section 663A.1, an individual must have been imprisoned in a state penitentiary (as opposed to a county jail) for some identifiable period of time. According to the State, the term "imprisoned,"

_____

that Nicoletto posted the bond and was released in the late afternoon or early evening of October 3, perhaps after the clerk of court's office had closed.

as used in the statute, is unambiguous and requires that a defendant actually spend time in a prison. The State distinguishes wrongful conviction, which it concedes may have happened in this case, from wrongful imprisonment, which section 663A.1 requires.

**B. Nicoletto.** Nicoletto likewise asserts the word "imprisonment" is not ambiguous. He contends, however, that the term has a broader meaning encompassing *any* restraint of liberty. Thus, in Nicoletto's view, time spent in the sheriff's custody between sentencing and posting his appeal bond qualifies as compensable wrongful imprisonment.

**IV. Analysis.**

We conclude the record does not contain substantial evidence supporting the district court's finding that Nicoletto was imprisoned within the meaning of chapter 663A. Although Nicoletto was sentenced to prison, he filed an appeal bond and therefore served no time in a penitentiary. Further, although Nicoletto spent some time in the sheriff's custody—an amount not quantified in the record—before he posted the appeal bond and was released, the record does not establish this confinement took place inside a prison.

**A. Section 663A.1 Generally.** Chapter 663A enables wrongfully imprisoned persons to receive compensation from the State. *See Smith*, 845 N.W.2d at 55; *see also* Iowa Code § 663A.1(1)–(3). Persons claiming compensation for wrongful imprisonment must prove: (1) they are a wrongfully imprisoned person; and (2) there is clear and convincing evidence establishing either that they did not commit the charged offense or any lesser included offenses, or that no person committed the offense for which the individual was convicted. *See* Iowa Code § 663A.1(1)–(2). If a district court concludes a person has proved both elements, it must enter an order establishing the person is a wrongfully imprisoned person

and inform the person they may pursue a civil claim for wrongful imprisonment against the State under Iowa Code chapter 669. *Id.* § 663A.1(3)(*b*). Damages available in a wrongful imprisonment action include lost wages; restitution, fines, and surcharges paid; liquidated damages of fifty dollars per day of wrongful imprisonment; and attorney's fees. *See id.* § 663A.1(6).

To establish that he is a wrongfully imprisoned person, Nicoletto must demonstrate that he has met each of the criteria listed in section 663A.1(1):

> 1. As used in this section, a "*wrongfully imprisoned person*" means an individual who meets all of the following criteria:
>
> *a.* The individual was charged, by indictment or information, with the commission of a public offense classified as an aggravated misdemeanor or felony.
>
> *b.* The individual did not plead guilty to the public offense charged, or to any lesser included offense, but was convicted by the court or by a jury of an offense classified as an aggravated misdemeanor or felony.
>
> *c.* The individual was sentenced to incarceration for a term of imprisonment not to exceed two years if the offense was an aggravated misdemeanor or to an indeterminate term of years under chapter 902 if the offense was a felony, as a result of the conviction.
>
> *d.* The individual's conviction was vacated or dismissed, or was reversed, and no further proceedings can be or will be held against the individual on any facts and circumstances alleged in the proceedings which had resulted in the conviction.
>
> *e.* The individual was imprisoned solely on the basis of the conviction that was vacated, dismissed, or reversed and on which no further proceedings can be or will be had.

*Id.* § 663A.1(1); *see also Cox v. State*, 686 N.W.2d 209, 212 (Iowa 2004) ("Under the Iowa statute, a 'wrongfully imprisoned person' is identified by means of five criteria."). The parties agree Nicoletto proved the first four

criteria in this case; the only disagreement is whether he "was imprisoned" within the meaning of Iowa Code section 663A.1(1)(*e*).[2]

**B. Imprisonment.** "When interpreting a statute, we begin with the words used in the statute." *Nicoletto*, 845 N.W.2d at 426. "A sensible, logical construction is the goal . . . ." *City of Janesville v. McCartney*, 326 N.W.2d 785, 787 (Iowa 1982). We must determine whether the word "imprisonment" in the context of section 663A.1 means only confinement in a state penitentiary will support an award of compensation under the statute, or whether some lesser restriction of a defendant's liberty will support such an award. *See* Iowa Code § 663A.1(1)(*e*).

The State asserts imprisonment does not begin at least until a defendant walks through the doors of a state penitentiary. Thus, in the State's view, a defendant who spends time exclusively in a county jail does not qualify for compensation under chapter 663A. Because Nicoletto spent at most a few hours in the sheriff's custody while his appeal bond was processed, the State contends he cannot qualify as a wrongfully imprisoned person. Nicoletto counters that because he was sentenced to serve time in prison, his imprisonment began as soon as the district court announced that sentence.

Iowa Code section 903.4 distinguishes between prisons and jails; the county bears the cost of confinement in a jail, while the state bears the cost of confinement in a prison. *See* Iowa Code § 903.4. The

---

[2]Although they dispute whether imprisonment as contemplated under the statute occurred here, both parties also agree Nicoletto's conviction is one "that was vacated, dismissed, or reversed and on which no further proceedings can be or will be had." Iowa Code § 663A.1(1)(*e*).

duration of a sentence of confinement controls whether the defendant serves time in a prison or a jail:

> All persons sentenced to confinement for a period of one year or less shall be confined in a place to be furnished by the county where the conviction was had . . . . All persons sentenced to confinement for a period of more than one year shall be committed to the custody of the director of the Iowa department of corrections to be confined in a place designated by the director and the cost of the confinement shall be borne by the state.

*Id.*; *see also* Iowa Admin. Code r. 201—50.1 (defining jail as a "place administered by the county sheriff and designed to hold prisoners for as long as lawfully required but not to exceed one year").

We agree with the State that imprisonment under chapter 663A means confinement in a prison, not a jail. To recover under the statute, an individual must establish that he or she was convicted of and sentenced for a felony offense or convicted of an aggravated misdemeanor and "sentenced to incarceration for a term of imprisonment not to exceed two years." Iowa Code § 663A.1(1)(*c*). We acknowledge, of course, that a defendant convicted of an aggravated misdemeanor can receive a lesser sentence than the maximum indeterminate sentence not to exceed two years. One could, for example, be sentenced to one year in jail for such an offense. *See id.* § 903.1(2) (providing the maximum penalty for aggravated misdemeanors and noting when a court "imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term"). And we recognize one year plainly does not exceed two. But a defendant receiving a one-year sentence for an aggravated misdemeanor would not qualify for compensation as a wrongfully imprisoned person because, linguistically speaking, they were not "sentenced to . . . a term of imprisonment not to exceed two years"—the maximum indeterminate sentence for an aggravated misdemeanor. *Id.*

§ 663A.1(1)(*c*); *see id.* § 903.1(2) ("When a person is convicted of an aggravated misdemeanor . . . the maximum penalty shall be imprisonment not to exceed two years."). In other words, we conclude section 663A.1 allows recovery only for wrongfully imprisoned felons or for wrongfully imprisoned aggravated misdemeanants who receive the maximum sentence—"a term of imprisonment not to exceed two years." *Id.* § 663A.1(*c*); *see id.* § 903.1(2). Because incarcerated felons and those serving two-year terms for aggravated misdemeanors serve time in prisons rather than jails, section 663A.1(1)(*c*) supports our conclusion that the word "imprisoned" means confinement in prison, not jail.

Had the legislature intended that time spent in jail would count, we believe it would have said so expressly. *See, e.g., State v. Allensworth*, 823 N.W.2d 411, 415 (Iowa 2012); *State v. Rodenburg*, 562 N.W.2d 186, 188 (Iowa 1997) (per curiam); *State v. Summage*, 537 N.W.2d 692, 694 (Iowa 1995) (per curiam). Several other states expressly allow compensation for those wrongfully detained in either a jail or a state correctional facility. *See, e.g.*, Cal. Penal Code §§ 4900, 4901(b) (West, Westlaw current through 2015 Reg. Sess., ch. 2); Colo. Rev. Stat. Ann. § 13-65-101(5) (West, Westlaw current through 70th G.A., 1st Reg. Sess., ch. 65 (2015)); Utah Code Ann. § 78B-9-401.5(4) (West, Westlaw current through 2014 Gen. Sess.); Va. Code Ann. § 8.01-195.10(B) (West, Westlaw current through 2015 Reg. Sess. cc. 1, 7, 8, 39, 61, 67 & 89).

We acknowledge the legislature could have expressly stated "imprisonment" under the statute includes only confinement in a prison, but it did not. Yet, the legislature's decision not to include such an express limitation does not resolve the ambiguity in section 663A.1(1)(*e*), nor does it mean that one who has been wrongfully *jailed* has been wrongfully *imprisoned* under the statute. Several other states' statutes

providing a remedy for wrongfully sentenced or imprisoned persons expressly limit relief to persons who have served time in a state penitentiary. *See, e.g.*, Mass. Gen. Laws Ann. ch. 258D, § 1(C)(iv) (West, Westlaw current through 2015 1st Ann. Sess., ch. 12) (allowing recovery only for those who were "sentenced to incarceration for not less than 1 year in state prison"); Mont. Code Ann. § 53-1-214(1) (West, Westlaw current through Feb. 27, 2015) (providing for educational aid to claimants who were wrongfully "incarcerated in a state prison for any period of time"); N.C. Gen. Stat. Ann. § 148-82(a) (West, Westlaw current through 2015 Reg. Sess., ch. 1); Ohio Rev. Code Ann. § 2743.48(A)(3) (West, Westlaw current through 131st G.A., 2015 File 4) (requiring that an applicant was "sentenced to . . . imprisonment in a state correctional institution"). Additionally, several other states limit the universe of persons eligible for compensation to those who are wrongfully convicted of felonies. *See, e.g.*, Ala. Code § 29-2-156(1) (Westlaw current through 2015 Reg. Sess., Act 2015-25); Mass. Gen. Laws Ann. ch. 258D, § 1(C)(ii); Miss. Code Ann. § 11-44-3(1)(a) (West, Westlaw current through Mar. 29, 2015); Mo. Ann. Stat. § 650.058(1) (West, Westlaw current through Apr. 8, 2015); Mont. Code Ann. § 53-1-214(1); Neb. Rev. Stat. Ann. § 29-4603(1) (West, Westlaw current through 2014 Reg. Sess.); N.C. Gen. Stat. Ann. § 148-82(a); Ohio Rev. Code Ann. § 2743.48(A)(1); Okla. Stat. Ann. tit. 51, § 154(B)(1) (West, Westlaw current through 55th Legislature, 1st Reg. Sess., ch. 27); Wash. Rev. Code Ann. § 4.100.060(1)(a) (West, Westlaw current through 2015 Reg. Sess., ch. 4). These similar statutes from other states support our conclusion that the apparent ambiguity in section 663A.1 is best resolved by an interpretation limiting the remedy to those who have served time in prison.

Applying these principles to Nicoletto's case, we conclude Nicoletto has not established he was ever in prison. Although he received an indeterminate prison sentence of five years, he promptly filed an appeal bond and was released on the day he was sentenced. Further, although the record suggests Nicoletto was "in the sheriff's custody" while inside the county jail building for some unspecified period of time on the afternoon of the sentencing while his appeal bond was arranged, the record does not establish Nicoletto spent any time in a prison.

Nicoletto contends chapter 663A makes him eligible for a remedy even if he spent no actual time in prison. He asserts any loss of liberty resulting from a wrongful conviction, however brief, will suffice as a predicate for relief under the statute. *See State v. Huff*, 83 P.3d 206, 212 (Kan. 2004) ("[I]mprisonment and confinement are one and the same and may be used interchangeably."); *Tipton v. State*, 150 So. 3d 82, 85 (Miss. 2014) ("[I]mprisonment may occur in an actual prison, but it also can include a state of confinement, which can occur anywhere and vary widely in degree."). In the broadest sense, a loss of liberty can occur when a sentence of confinement is suspended. *See* Iowa Code § 907.1(4) (authorizing "conditions set by the court as a requirement of the suspended sentence").

If, as Nicoletto contends, any restraint of liberty after imposition of a prison sentence could constitute imprisonment under section 663A.1, a defendant who is convicted of a felony and receives a suspended sentence—but whose conviction is reversed on appeal—would be eligible for compensation despite spending *zero* time in custody. We reject this interpretation of section 663A.1 because it effectively deletes the word "imprisonment" from section 663A.1 and is inconsistent with the plain meaning of the words chosen by the legislature. *Cf. Magee v. Comm'r of*

*Corr.*, 937 A.2d 72, 75 (Conn. App. Ct. 2008) (concluding time spent on probation is not imprisonment).

We conclude as a matter of law on this record that, because it did not occur in a prison, the temporary restraint of Nicoletto's liberty for an unspecified length of time on the afternoon of his sentencing while waiting for the delivery of his appeal bond does not constitute imprisonment for which a remedy is available under chapter 663A.[3] *See id.* (rejecting an assertion that "imprisonment" encompasses any restraint or confinement, and concluding that assertion has "no basis in law or logic"); *cf. Allensworth,* 823 N.W.2d at 416–17 (concluding an offender does not accrue earned time toward a prison sentence while on supervised probation).

Our interpretation of section 663A.1 does not, as Nicoletto asserts, punish defendants for exercising their right to post an appeal bond. Rather, our interpretation of section 663A.1 advances the legislature's purpose: providing a remedy for those who cannot post a bond and who therefore actually serve time in prison as part of a sentence of incarceration for a felony or the maximum sentence for an aggravated misdemeanor. The legislature could have chosen to allow compensation for any wrongful conviction, but it did not. We must give effect to that choice.

---

[3]We have endorsed a dictionary "restraint of liberty" definition of "imprisoned" in the context of an action for termination of parental rights under Iowa Code section 600A.8(9). *See In re A.H.B.,* 791 N.W.2d 687, 690 (Iowa 2010). However, *A.H.B.* does not control our decision in this case. The purposes underlying chapter 600A—allowing termination of parental rights in the best interest of children when parents fail to assume the duties arising from parenthood, *see* Iowa Code § 600A.1—are vastly different from those underlying chapter 663A. We conclude the separate statutes' different purposes justify different understandings of the word "imprisoned" in the two distinct contexts.

Because Nicoletto has failed to establish he is a wrongfully imprisoned person under section 663A.1(1), we need not address the "actual innocence" question under section 663A.1(2). *See State v. DeSimone*, 839 N.W.2d 660, 665 (Iowa 2013).

## V. Conclusion.

Nicoletto did not produce substantial evidence that he was imprisoned within the meaning of section 663A.1. Accordingly, we reverse the district court's ruling.

**REVERSED.**

All justices concur except Appel, J., who takes no part.