# IN THE COURT OF APPEALS OF IOWA

No. 14-0887
Filed July 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM JAMES VARY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Lawrence E. Jahn, District Associate Judge.

        William Vary appeals the district court's denial of his motion to grant jail time credit for time served on probation.  **AFFIRMED.**

        Shawn Smith of Shawn Smith, P.L.L.C., Ames, for appellant.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, Special Litigation Division, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

William Vary appeals the district court's denial of his motion to grant jail time credit for time served on probation pursuant to *Anderson v. State*, 801 N.W.2d 1, 5 (Iowa 2011).

## I. Facts and Procedural Background

On July 13, 2012, Vary pleaded guilty to operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (2011). The district court sentenced Vary to an indeterminate term not to exceed five years, partially suspended the sentence, and placed Vary on probation with the Center for Creative Justice (CCJ) for a maximum of two years.

One of the conditions of Vary's probation required Vary to "[o]bey all laws." Vary failed to comply with that condition when he violated a no-contact order, to which he pleaded guilty on December 11, 2013. Subsequently, on December 12, 2013, the district court revoked Vary's probation, and imposed the prison sentence.

At the probation revocation hearing on December 11, 2013, the district court verbally indicated Vary would receive *Anderson* credit against his prison sentence for the time spent under the CCJ's supervision. However, on April 23, 2014, following a hearing regarding credit for time served and upon further review of *Anderson* and Iowa Code section 907.3(3), the district court determined Vary was not entitled to credit because Vary's probation was not supervised by the judicial district department of correctional services (DCS). Vary appeals.

## II. Standard of Review

Vary challenges the district court's interpretation of Iowa Code sections 907.3(3) and 901B.1(a)(2) (2011). We review a question of statutory interpretation with regard to probation credit and its application to a sentence calculation for correction of errors of law. *State v. Allensworth*, 823 N.W.2d 411, 413 (Iowa 2012). When we are asked to interpret a statute,

> our primary goal is to give effect to the intent of the legislature. That intent is evidenced by the words used in the statute. When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms. In the absence of legislative definition, we give words their ordinary meaning.

*Anderson*, 801 N.W.2d at 4 (citations omitted).

## III. Discussion

Vary's claim that he is entitled to credit for probation time cannot be sustained. Credit for time served while on probation supervision is allowed under section 907.3(3), which provides:

> By record entry at the time of or after sentencing, the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility to be followed by a term of probation as specified in section 907.7, or commitment of the defendant to the judicial district department of correctional services for supervision or services under section 901B.1 at the level of sanctions which the district department determines to be appropriate and the payment of fees imposed under section 905.14. A person so committed who has probation revoked shall be given credit for such time served.

Pursuant to section 907.3(3), a defendant is entitled to credit for time served only if committed to an alternate jail facility, community correctional residential treatment facility, or the judicial district department of correctional services. Our supreme court in *Anderson* noted section 907.3(3) should be read in conjunction

with Iowa Code section 901B.1 to determine if credit should be awarded. *Anderson*, 801 N.W.2d at 5. Based upon this conjunctive analysis, the *Anderson* court concluded,

> Level one sanctions are "[n]oncommunity-based corrections sanctions," which include self-monitored sanctions and *sanctions "which are monitored for compliance by other than the . . . department of correctional services*." Iowa Code § 901B.1(1)(a). A defendant subjected to a level one sanction is not committed to correctional services "for supervision or services." *Id.* §§ 901B.1(1)(a), 907.3(3). Accordingly, a defendant is not entitled to sentencing credit for level one sanctions.

*Id.* (emphasis added). The CCJ is neither an alternate jail facility nor a community correctional residential treatment facility. The CCJ is also not the DCS. As Vary's probation was "monitored for compliance by [an entity] other than the . . . department of correctional services," his probation is statutorily defined as a level one sanction. Therefore, Vary is not entitled to credit for time served.

Vary contends he is, nonetheless, entitled to credit because the intensity of supervision under the CCJ is similar to the intensity of supervision under level two sanctions implemented by the DCS. He urges us to infer that the legislature intended to give credit for sanctions at a level two intensity irrespective of whether the CCJ or the DCS supervised the probation. This we cannot do. "In construing statutes, the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said." *Id.* at 6 (quoting Iowa R. App. P. 6.904(3)(m)). In this case, the legislature said credit would be given if the defendant was committed to the DCS and a defendant who is monitored for compliance by other than the DCS is under level one

supervision.  "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms."  *Id.* at 3 (citations omitted).

This adherence to the plain meaning of the statute was emphasized in *Anderson*.  In *Anderson*, the defendant was placed "on probation to the Second Judicial District Department of Correctional Services and thereby committed . . . to the DCS."  *Id.* at 5.  The supreme court reasoned "when sections 907.3(3) and 901B.1 are read together, a defendant is entitled to sentencing credit 'for such time served' while he is committed to the DCS and placed in level two or greater sanctions under section 901B.1."  *Id.*  As Anderson was committed to the DCS and placed in a level two or greater sanction under Iowa Code section 901B.1, "the plain language of section 907.3(3), therefore, entitle[d] Anderson to sentencing credit for his time served."  *Id.*[1]

Here, Vary was placed under the supervision of the CCJ and, thereby, monitored for compliance by an entity other than the DCS.  According to section

---

[1] In the recent Supreme Court case, *King v. Burwell*, the Court notes that "when deciding whether the language is plain, the Court must read the words 'in their context and with a view to their place in the overall statutory scheme.'"  576 U.S. __, No. 14-114, slip op. at 9 (U.S. June 25, 2015) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)).  In *King*, when 42 U.S.C. section 18031, was read in the context of 42 U.S.C. section 18041, Internal Revenue Code section 36B was found to be ambiguous.  *Id.* at *4–5.

However, in this case, when section 907.3(3)  is read in context with section 901B.1 and the overall statutory scheme of Iowa Code Title XVI, Subtitle 3, the language of 907.3(3) plainly indicates a criminal defendant is only entitled to jail time credit for time served on probation if that defendant's sanctions are at a level two or higher.  Further, while the ambiguities found by the Supreme Court are logical, finding ambiguity in section 907.3(3) would require us to read so far between the lines that we would be "indulging in judicial legislation and . . . invading the province of the Legislative branch of the Government, or of the electorate in amending the basic law."  *Anderson*, 801 N.W.2d at 6–7 (quoting *Holland v. State*, 253 Iowa 1006, 1011 (1962)).  "We must accept the statute as the legislature wrote it."  *Id.*

901B.1(1)(a), this means Vary's sanctions were level one. As held by the *Anderson* court, defendants under level one sanctions are not entitled to receive credit for time served. *Id.* Therefore, in accordance with our precedent and sections 901B.1(1)(a) and 907.3(3), Vary is not entitled to receive credit.

**IV. Conclusion**

The express terms of section 907.3(3) and requirements of *Anderson* are clear: only a defendant committed to the judicial district department of corrections and subject to level two or greater sanctions is entitled to credit for time served. As Vary's probation supervision falls under the definition of level one sanctions, he is not entitled to credit for time served.

**AFFIRMED.**