**IN THE COURT OF APPEALS OF IOWA**

No. 22-1270
Filed September 13, 2023

**HAROLD ANDREW LATHROP,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

The applicant appeals the dismissal of his application for postconviction relief, which challenges his tentative discharge date. **AFFIRMED.**

Ronald W. Kepford, Winterset, for appellant.

Brenna Bird, Attorney General, and Christine A. Louis, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

Harold Lathrop appeals the dismissal of his application for postconviction relief (PCR) and refusal to correct his tentative discharge date (TDD). In his PCR application, Lathrop challenged the calculation of his TDD by the Iowa Department of Corrections (IDOC) based on an alleged error in determining time served. Because we find that an inmate may not multiply the actual days served in jail by each charge for which the inmate served them, we find no error in the PCR court's findings of fact or application of the law, and we affirm its dismissal of Lathrop's application.

Lathrop is serving a term of imprisonment for an aggregate sentence.[1] Looking at the term of imprisonment for this aggregate sentence, and factoring in earned time minus parole violations and disciplinary actions as well as time served, the IDOC calculated Lathrop's TDD as August 5, 2026. Lathrop contends that his TDD should actually be February 17, 2025. Based on this contention, Lathrop filed a PCR application in February 2021; the PCR court dismissed the application in July 2022. Lathrop now appeals.

---

[1] At the time of the PCR filing, Lathrop was on parole supervision, but Lathrop was initially sentenced to a total of thirty-four years and thirty days on eight counts in three separate cases: twenty years in FECR074560 and FECR234405 for convictions of extortion, first-degree harassment and second-degree theft as an habitual offender; seven years and thirty days in AGCR092334, FECR092488, and FECR092261 for third-degree theft, second-degree theft, and possession of a controlled substance; and seven years in FECR096489 for eluding and operating a vehicle while intoxicated, second offense. All charges are from Marshall County except the charge of second-degree theft as a habitual offender, which is from Polk County. Lathrop was sentenced in FECR074560 and FECR234405 on August 5, 2010; in AGCR092334, FECR092488, and FECR092261 on February 15, 2018; and in FECR096489 on March 12, 2020.

We review PCR proceedings for correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020); *see also Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) ("Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law." (citation omitted)). Under this standard of review, "we will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

Here, the dispute hinges on whether Lathrop is entitled to have the full amount of his time spent in jail applied to each separate charge within each separate sentence as time served. In other words, the parties disagree about whether Lathrop is able to subtract the number of days that he served for eight charges from his TDD eight times or merely once. Lathrop asserts that he is entitled to such multiple credit;[2] the State responds that under *Marcott v. State*, Lathrop is not. No. 02-0335, 2003 WL 21229127, at *3–4 (Iowa Ct. App. May 29, 2003). Lathrop acknowledges *Marcott* "could be interpreted to provide a contrary position" but discounts the unpublished opinion as not controlling and argues it is distinguishable because Marcott served sentences in the same county, while Lathrop served presentence jail time in multiple county jails under different count orders.

---

[2] Here, however, Lathrop concedes that he could not accrue time served beyond that of the sentence for a charge, and thus the time he spent in jail on the thirty-day possession-of-a-controlled-substance charge can only amount to a thirty-day reduction to his sentence for time served.

Although this case could involve a significant amount of math,[3] a resolution

does not require it.  The calculation of an inmate's days of credit for time served is

---

[3] The parties essentially agree on the math involved: first, we calculate the total number of days in each sentence as originally ordered (at a rate of 365.25 days per year accounting for leap year + the number of days in each sentence).  *See* Iowa Code § 901.8 (2022) (detailing that consecutive sentences are to be treated as "one continuous term of imprisonment").

Next, we subtract the potential for earned time (at a rate of .454545 days for each day of good conduct).  *See id.* § 903A.2(1)(a) (detailing that an inmate receives a reduction of sentence equal to 1.2 days for each day of good conduct, or may multiply the total sentence by .454545 to determine the actual sentence after earned time).  Because only a day in which an inmate demonstrated good conduct counts toward earned time, we take the total number of days in the sentence and subtract from it both the number of days that Lathrop was out on parole but then violated the conditions of his parole and the number of days for which Lathrop received disciplinary actions while in prison.  *See id.* §§ 903A.2(4), .3(1); *see also State v. Allensworth*, 823 N.W.2d 411, 414 (calling this code section "earned time" as it "allows inmates to reduce their sentences for good conduct").  We multiply that number by .454545.  *See* Iowa Code § 903A.7(1) ("Consecutive multiple sentences that are within the same category . . . shall be construed as one continuous sentence for purposes of calculating reductions of sentence for earned time.").

After that, we also add back in the days Lathrop was out on parole before Lathrop violated parole, as those days also cannot count for a reduction in the total number of days in the total sentence.

Lastly, we subtract the number of days of time served from that total sentence.  *Id.* § 903A.5 (detailing credit for time served); *see also Allensworth*, 823 N.W.2d at 414 ("[T]he earned-time credit under section 903A.2 should be applied first to reduce the full sentence, then the credits for jail time under section 903A.5(1) and time spent on probation under section 907.3(3) are to be applied to offset the remaining sentence.").  On this point, the parties dispute whether this number is the actual number of days spent in jail (341 days, asserted by the State) or a multiplication of that time for each charge (712 days, asserted by Lathrop, with only 30 days counting as time served on the possession-of-a-controlled-substance charge).  There is no dispute that Lathrop was in jail waiting for trial and sentencing for three periods: March 8 to August 5, 2010 (150 days); October 12, 2017 to February 15, 2018 (126 days); and January 7 to March 12, 2020 (65 days).

To reach the TDD, we add the total days after subtracting time served to the first date of sentencing, in this instance, August 5, 2010.  We repeat this process for each consecutive sentence—once for the February 15, 2018 sentence and once for the March 12, 2020 sentence, starting from each new TDD and increasing the TDD as we go.  The date reached through that calculation is the final TDD.

equivalent to the actual time that the inmate served in jail. *Marcott*, 2003 WL 21229127, at *1; *see also Kolzow v. State*, 813 N.W. 2d 731, 740–41 (Iowa 2012) (holding that for sex offenders serving a special sentence, regardless of the number of charges, "[e]ach day spent in such detention also counts as a day serving the ten-year special sentence"); *Walton v. State*, 407 N.W.2d 588, 590–91 (Iowa 1987) (crediting an applicant 197 days of credit for time served on two charges when the applicant actually served 197 days). The time is not multiplied for each separate charge within an aggregate sentence. *Marcott*, 2003 WL 21229127, at *1.

To find otherwise would award additional time served to those offenders who were serving time based on multiple charges over those who were serving only based on one charge and would defeat the rationale for time served. "[T]he rationale for this interpretation is uniformly recognized as an effort to equalize the period of incarceration for those offenders who are unable to post bail with those who are fortunate enough to be released on bail while their cases are pending or on appeal after conviction." *Id.* at *3. Because Lathrop does not challenge the actual number of days that he spent in jail, but only the application of jail time credits against each charge within each sentence, we find no error in the PCR court's reasoning and affirm.

**AFFIRMED.**