# IN THE COURT OF APPEALS OF IOWA

No. 23-0384
Filed May 8, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**TRIVANSKY TYRIQUE SWINGTON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Black Hawk County, Brook Jacobsen, Judge.

 A defendant appeals his sentence for assault causing bodily injury.

**AFFIRMED AND REMANDED WITH DIRECTIONS.**

 Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

 Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

 Considered by Tabor, P.J., and Badding and Buller, JJ.

**TABOR, Presiding Judge.**

"What is painfully obvious in this case is that the mistake that occurred [in the judgment order] was inconsequential to the sentence imposed." *See State v. Pearson*, 876 N.W.2d 200, 207 (Iowa 2016). The district court sentenced Trivansky Swington according to his plea agreement but included the wrong assault title and code section in the judgment order. As in *Pearson*, the remedy here is to remand for the district court to amend the judgment to reflect the correct offense. No other action is required on remand.

By his own admission, Swington assaulted a female occupant of his car, causing bodily injury. Police officers documented swelling and redness on the victim's temple, lip, neck, and chest. They then filed a complaint accusing Swington of assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of Iowa Code section 708.2(1) (2020). In its trial information, the State reduced the charge to assault causing bodily injury, a serious misdemeanor, in violation of section 708.2(2).

After many continuances, Swington accepted a plea deal from the State. He agreed to plead guilty to assault causing bodily injury, as charged, and to serve 180 days (concurrent with unrelated state and federal sentences) and pay a $430 fine. In his written plea, he stated: "I understand the agreement is binding on the court unless the court specifically tells me otherwise." The court accepted Swington's guilty plea and imposed the agreed-upon sentence. But the judgment entry mistakenly listed the offense as assault with intent to inflict serious injury, citing Iowa Code section 708.2(1).

Swington appeals. He recognizes that because his conviction stems from a guilty plea, he must show good cause. *See* Iowa Code § 814.6(1)(a)(3). He alleges "a major defect" in the judgment order—citing the wrong assault section—provides good cause to appeal. He maintains that the court sentenced him for an aggravated misdemeanor when the plea was to a serious misdemeanor.[1]

The State disagrees. It argues that because Swington received the sentence he bargained for, he lacks a legally sufficient reason to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). The State concedes the faulty reference to assault with intent to commit serious injury but insists the mistake can be corrected by a nunc pro tunc order. *See State v. Hess*, 533 N.W.2d 525, 529 (Iowa 1995). The State emphasizes that Swington's sentence is consistent with the determinate terms for serious misdemeanors. *See* Iowa Code § 903.1(1)(b).[2]

Swington tries to distinguish *Hess*, noting that it featured an accurate oral pronouncement of sentence, followed by a clerical error in the written judgment. *See* 533 N.W.2d at 529. By contrast, Swington's case included no oral pronouncement. He asks for a remand so that he can "plead again."

On the jurisdictional question, we find Swington has good cause for his appeal. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) (declining "to parse or bifurcate the specific sentencing errors alleged when determining good cause").

---

[1] Swington also contends that his trial attorney was ineffective for not moving to dismiss based on an alleged speedy-trial violation. We do not address that issue because we lack authority to decide ineffective-assistance claims on direct appeal. Iowa Code § 814.7; *State v. Treptow*, 960 N.W.2d 98, 110 (Iowa 2021).

[2] But it is also possible to impose a determinate jail sentence for an aggravated misdemeanor. Iowa Code § 903.1(2); *State v. Nicoletto*, 862 N.W.2d 621, 624–25 (Iowa 2015) (discussing possible sentences for aggravated misdemeanors).

The error in the judgment order is a legally sufficient reason to challenge his conviction and sentence.

But having won that battle, Swington loses the war. As the State contends, the district court can fix the judgment with a nunc pro tunc order. Such orders do not function "to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered." *Pearson*, 876 N.W.2d at 205–06. In *Pearson*, our supreme court decided that the district court sentenced the defendant "for the correct crime but under the wrong Code section. There was no error in the entry of guilt. Therefore, there was no need to resentence Pearson once the judgment was amended." *Id.* at 207. The same is true here.

It is clear from the written plea that Swington admitted guilt for assault causing bodily injury, *not* assault with intent to inflict serious injury. In the written judgment order, the court accepted Swington's guilty plea as "freely and voluntarily and intelligently made" and found a factual basis. The court also cited the "plea agreement" as the reason for the sentence. Given the sentencing court's reliance on the written plea, we find its reference to the charge in the original criminal complaint was "an inadvertent, nonsubstantive mistake in the entry of judgment and sentence." *Id.* A remand is necessary only for the district court to correct that oversight. Thus, we affirm Swington's conviction and remand so the district court may issue a nunc pro tunc order to correct the clerical error in the written judgment entry.

**AFFIRMED AND REMANDED WITH DIRECTIONS.**

Badding, J., concurs; Buller, J., dissents.

**BULLER, Judge** (dissenting).

I disagree with the majority's interpretation of the limitations placed on guilty-plea appeals by the General Assembly. *See* Iowa Code § 814.6(1)(a)(3) (2020) (limiting guilty-plea appeals, other than class "A" felonies, to cases in which "the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) ("good cause" means "legally sufficient reason"); *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("legally sufficient reason" means "a reason that would allow a court to provide some relief"). This limitation was part of a broader legislative change ensuring parties presented their claims to the tribunal that could most effectively and expeditiously decide them. *See State v. Tucker*, 959 N.W.2d 140, 152 (Iowa 2021) (noting legitimate policy interests, like judicial economy, supported diverting ineffective-assistance claims to postconviction relief).

The majority correctly recognizes there is no error this court can correct on appeal; the court's directions are instead for the district court to issue a nunc pro tunc order on remand. To me, this confirms there is no "good cause," and I would dismiss the attempted appeal. It squanders judicial resources—and is contrary to legislative intent—for three of this court's judges to review an issue that can, should, and must be addressed first by a district judge. And Swington could have obtained such relief in the district court long before the fourteen-ish months this appeal took to wind its way to disposition.

In my view, this is exactly the kind of "frivolous appeal" the General Assembly sought to "curtail" in amending the Code. *See Damme*, 944 N.W.2d at 105 n.3; *accord Tucker*, 959 N.W.2d at 152. Because the elected branches did not intend for us to find "good cause" to correct typos, I dissent.